Hearing Date: December 6, 2016 at 10:00 a.m. (Eastern Time)
Objection Deadline: November 29, 2016 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Matthew S. Barr
David J. Lender
Theodore E. Tsekerides
Joshua S. Amsel

*Counsel to Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | : Chapter 11 |
| | : Case No. 16-10992 (SMB) |
| SUNEDISON, INC., *et al.*, | : (Jointly Administered) |
| | : |
| Debtors.[1] | : |
| | : |
| OFFICIAL COMMITTEE OF UNSECURED | : |
| CREDITORS, on behalf of the estates of the | : |
| Debtors, | : |
| | : Adversary Proceeding |
| Plaintiff, | : No. 16-_____ |
| | : |
| v. | : |
| | : |
| JUAN M. RODRIGUEZ BELTRAN, | : |
| PYRAMID HOLDINGS, INC., | : |
| (contd.) | : |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); and SunE MN Development, LLC (8669).   The address of the Debtors' corporate headquarters is 13736 Riverport Drive, Maryland Heights, Missouri 63043.

ABHISHEK AGRAWAL, IRON                              :
WORKERS MID-SOUTH PENSION FUND,  :
ANTON S. BADRI, MITESH PATEL,                       :
COBALT PARTNERS, LP,COBALT                          :
PARTNERS II, LP, COBALT OFFSHORE           :
MASTER FUND, LP, COBALT KC                          :
PARTNERS, LP, OKLAHOMA                                 :
FIREFIGHTERS PENSION AND                            :
RETIREMENT SYSTEM, GLENVIEW                    :
CAPITAL PARTNERS, L.P. GLENVIEW               :
INSTITUTIONAL PARTNERS, L.P.,                      :
GLENVIEW CAPITAL MASTER FUND,               :
LTD., GLENVIEW CAPITAL                                 :
OPPORTUNITY FUND, L.P., GLENVIEW          :
OFFSHORE  OPPORTUNITY MASTER             :
FUND, LTD., OMEGA CAPITAL                           :
INVESTORS, L.P.,OMEGA CAPITAL               :
PARTNERS, L.P., OMEGA EQUITY                    :
INVESTORS, L.P.,OMEGA OVERSEAS            :
PARTNERS, LTD., DINA HOROWITZ,             :
KENNETH J. MOODIE, ROBERT KUNZ,         :
ALEXANDER Y. USENKO, JULIE DULL,        :
ERIC O'DAY, ROBERT LINTON,                        :
RICHARD A. WHEELER, JAMES                        :
GOLDEN, JERRY JONES, CHARLES                 :
BLOOM, SHARON BURNSTEIN,                        :
TERRAFORM GLOBAL, INC., DARCY             :
CHURCH, JOHN CHAMBLEE, KINGDON        :
ASSOCIATES, KINGDON CREDIT                     :
MASTER FUND, L.P., KINGDON FAMILY     :
PARTNERSHIP, L.P., M. KINGDON               :
OFFSHORE MASTER FUND, L.P.,                    :
CANYON CAPITAL ADVISORS LLC,            :
CANYON BALANCED MASTER FUND,         :
LTD., CANYON CAPITAL ARBITRAGE       :
MASTER FUND, LTD., CANYON-GRF           :
MASTER FUND II, L.P., CANYON               :
VALUE REALIZATION FUND, L.P.,             :
CANYON VALUE REALIZATION                  :
MASTER FUND, L.P., PERMAL CANYON   :
IO LTD., VMT II, LLC, SIMON                      :
FRASER, JASON ALDRIDGE, KEARNY       :
INVESTORS S.À R.L, POWELL                      :
INVESTORS L.P. and POWELL                     :
INVESTORS II LIMITED PARTNERSHIP,  :
                                                                      :
          Defendants.                                      :
_____  :

2

**NOTICE OF MOTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR (I) A DECLARATION AND (II) ENFORCEMENT
OF AUTOMATIC STAY AGAINST LITIGATION INVOLVING CERTAIN
CURRENT AND FORMER DIRECTORS AND OFFICERS OF DEBTORS**

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors in the above-referenced bankruptcy cases has filed the enclosed motion (the "**Motion**"), pursuant to sections 362 and 105 of title 11 of the United States Code, for the entry of an order enforcing the automatic stay against litigation involving certain of the Debtors' current and former directors and officers.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 723, New York, 10044-1408 on **December 6, 2016 at 10:00 a.m.** (Prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that the Motion is available for inspection at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408.  In addition, the Motion is available at https://ecf.nysb.uscourts.gov.  A PACER password is needed to access the documents on line and can be obtained by visiting PACER's website at www.pacer.psc.uscourts.gov.  In addition, parties may request copies of the Motion by contacting the undersigned counsel.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion must be (a) in writing and state with particularity the grounds therefor and (b) filed with the Clerk of the Bankruptcy Court and served upon and received by the undersigned counsel on or before **November 29, 2016 at 4:00 p.m. (Eastern Time)**.

Dated:       November 2, 2016
             New York, New York

                                   /s/ Matthew S. Barr
                                   WEIL, GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York  10153
                                   Telephone:  (212) 310-8000
                                   Facsimile:  (212) 310-8007
                                   Matthew S. Barr
                                   David J. Lender
                                   Theodore E. Tsekerides
                                   Joshua S. Amsel

                                   *Counsel to Official Committee of Unsecured
                                   Creditors*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Matthew S. Barr
David J. Lender
Theodore E. Tsekerides
Joshua S. Amsel

*Counsel to Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 16-10992 (SMB) |
| SUNEDISON, INC., *et al.*, | (Jointly Administered) |
| Debtors.[1] | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estates of the Debtors, | |
| | Adversary Proceeding |
| Plaintiff, | No. 16-_____ |
| v. | |
| JUAN M. RODRIGUEZ BELTRAN, PYRAMID HOLDINGS, INC., (contd.) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); and SunE MN Development, LLC (8669). The address of the Debtors' corporate headquarters is 13736 Riverport Drive, Maryland Heights, Missouri 63043.

ABHISHEK AGRAWAL, IRON                        :
WORKERS MID-SOUTH PENSION FUND, :
ANTON S. BADRI, MITESH PATEL,                 :
COBALT PARTNERS, LP,COBALT                    :
PARTNERS II, LP, COBALT OFFSHORE              :
MASTER FUND, LP, COBALT KC                    :
PARTNERS, LP, OKLAHOMA                        :
FIREFIGHTERS PENSION AND                      :
RETIREMENT SYSTEM, GLENVIEW                   :
CAPITAL PARTNERS, L.P. GLENVIEW               :
INSTITUTIONAL PARTNERS, L.P.,                 :
GLENVIEW CAPITAL MASTER FUND,                 :
LTD., GLENVIEW CAPITAL                        :
OPPORTUNITY FUND, L.P., GLENVIEW              :
OFFSHORE  OPPORTUNITY MASTER                  :
FUND, LTD., OMEGA CAPITAL                     :
INVESTORS, L.P.,OMEGA CAPITAL                 :
PARTNERS, L.P., OMEGA EQUITY                  :
INVESTORS, L.P.,OMEGA OVERSEAS                :
PARTNERS, LTD., DINA HOROWITZ,                :
KENNETH J. MOODIE, ROBERT KUNZ,               :
ALEXANDER Y. USENKO, JULIE DULL,              :
ERIC O'DAY, ROBERT LINTON,                    :
RICHARD A. WHEELER, JAMES                     :
GOLDEN, JERRY JONES, CHARLES                  :
BLOOM, SHARON BURNSTEIN,                      :
TERRAFORM GLOBAL, INC., DARCY                 :
CHURCH, JOHN CHAMBLEE, KINGDON                :
ASSOCIATES, KINGDON CREDIT                    :
MASTER FUND, L.P., KINGDON FAMILY :
PARTNERSHIP, L.P., M. KINGDON                 :
OFFSHORE MASTER FUND, L.P.,                   :
CANYON CAPITAL ADVISORS LLC,                  :
CANYON BALANCED MASTER FUND,                  :
LTD., CANYON CAPITAL ARBITRAGE                :
MASTER FUND, LTD., CANYON-GRF                 :
MASTER FUND II, L.P., CANYON                   :
VALUE REALIZATION FUND, L.P.,                 :
CANYON VALUE REALIZATION                      :
MASTER FUND, L.P., PERMAL CANYON :
IO LTD., VMT II, LLC, SIMON                   :
FRASER, JASON ALDRIDGE, KEARNY                :
INVESTORS S.À R.L, POWELL                     :
INVESTORS L.P. and POWELL                     :
INVESTORS II LIMITED PARTNERSHIP, :
                                              :
      Defendants.                         :
_____ :

**MEMORANDUM IN SUPPORT OF MOTION BY OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR (I) A DECLARATION AND (II) ENFORCEMENT
OF AUTOMATIC STAY AGAINST LITIGATION INVOLVING CERTAIN
<u>CURRENT AND FORMER DIRECTORS AND OFFICERS OF DEBTORS</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ....................................................................................................4

    I.      SUNE ...........................................................................................................4

    II.     PROCEDURAL HISTORY...........................................................................5

    III.    D&O ACTIONS ...........................................................................................6

    IV.    D&O POLICIES ........................................................................................10

    V.     DEBTORS' INDEMNIFICATION OBLIGATIONS ..........................................12

ARGUMENT ..................................................................................................................13

    I.      AUTOMATIC STAY SHOULD BE ENFORCED AGAINST D&O
          ACTIONS IN ORDER TO PROTECT SIGNIFICANT PROPERTY
          INTEREST OF THE ESTATES.....................................................................13

          A.     Debtors Have Property Interest In D&O Policies.....................................14

          B.     By Draining D&O Policies, Continuation of D&O Actions Will Be
                Detrimental to Debtors' Estates ...............................................................16

    II.     IN THE ALTERNATIVE, D&O ACTIONS SHOULD BE STAYED
          UNDER SECTION 105 OF BANKRUPTCY CODE..........................................18

CONCLUSION.................................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 48th Street Steakhouse, Inc.,*
    835 F.2d 427 (2d Cir. 1987) ................................................................................13

*A.H. Robins Co. v. Piccinin,*
    788 F.2d 994 (4th Cir. 1986) ..............................................................................17

*Agrawal v. TerraForm Global, Inc.,*
    No. 15 Civ. 6322 (N.D. Cal.) ..........................................................................6, 10

*Aldridge v. TerraForm Global, Inc.,*
    C.A. No. 12196-VCL (Del. Ch.) .............................................................................6

*In re Allied Digital Techs., Corp.,*
    306 B.R. 505 (Bankr. D. Del. 2004) ...................................................................15

*In re Arter & Hadden, LLP,*
    335 B.R. 666 (Bankr. N.D. Ohio 2005) ..............................................................15

*Badri v. TerraForm Global, Inc.,*
    No. 16 Civ. 2269 (N.D. Cal.) ..........................................................................6, 10

*Banner v. Bagen (In re Bagen),*
    186 B.R. 824 (Bankr. S.D.N.Y. 1995) ................................................................14

*Beltran v. TerraForm Global, Inc.,*
    No 15. Civ. 4981 (N.D. Cal.) ..........................................................................6, 10

*In re Bidermann Indus. U.S.A., Inc.,*
    200 B.R. 779 (Bankr. S.D.N.Y. 1996) ................................................................17

*Bloom v. SunEdison, Inc.,*
    No. 16 Civ. 7427 (S.D.N.Y.) ...........................................................................7, 10

*In re Calpine Corp.,*
    365 B.R. 401(S.D.N.Y. 2007) .............................................................................19

*Canyon Capital Advisors, LLC v. Alvarez,*
    No. 16 Civ. 5187 (N.D. Cal.) .................................................................................7

*Canyon Capital Advisors, LLC v. TerraForm Global, Inc.,*
    No. 16 Civ. 5185 (N.D. Cal.) .................................................................................7

*Chamblee v. TerraForm Power, Inc.*,
  16 Civ. 981 (D. Md.) ................................................................................6

*Chartschlaa v. Nationwide Mut. Ins. Co.*,
  538 F.3d 116 (2d Cir. 2008) .................................................................14

*Church v. Chatila*,
  No. 16 Civ. 628 (E.D. Mo.) .....................................................................7

*Circle K Corp. v. Marks (In re Circle K Corp.)*,
  121 B.R. 257 (Bankr. D. Ariz. 1990) ...................................................16

*City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.)*,
  28 B.R. 324 (Bankr. S.D.N.Y. 1983) ...................................................16

*Cobalt Partners, LP v. SunEdison, Inc.*,
  No. 16 Civ. 2263 (N.D. Cal.) ............................................................6, 10

*In re CyberMedica, Inc.*,
  280 B.R. 12 (Bankr. D. Mass. 2002) ....................................................18

*In re Downey Fin. Corp.*,
  428 B.R. 595 (Bankr. D. Del. 2010) .....................................................15

*Drennen v. Certain Underwriters at Lloyd's of London (In re Residential Capital, LLC)*,
  2016 WL 6155925 (Bankr. S.D.N.Y. Oct. 21, 2016) .......................17, 19

*Dull v. SunEdison, Inc.*,
  No. 16 Civ. 173 (E.D. Mo.) ......................................................................6

*Erti v. Paine Webber Jackson & Curtis, Inc. (In re Baldwin-United Corp. Litig.)*,
  765 F.2d 343 (2d Cir. 1985) ..................................................................18

*In re First Cent. Fin. Corp.*,
  238 B.R. 9 (Bankr. E.D.N.Y. 1999) ......................................................15

*In re Focus Capital, Inc.*,
  504 B.R. 296 (Bankr. D.N.H. 2014) .....................................................15

*Fraser v. TerraForm Global, Inc.*,
  No. 16 Civ. 2273 (N.D. Cal.) ............................................................7, 10

*Glenview Capital Partners, LP v. SunEdison, Inc.*,
  No. 16 Civ. 2264 (N.D. Cal.) ............................................................7, 10

*Golden v. Chatila*,
  No. 16 Civ. 1423 (D. Md.) .......................................................................6

*Haw. Structural Ironworkers Pension Tr. Fund v. Calpine Corp.*,
  2006 WL 3755175 (S.D.N.Y. Dec. 20, 2006) ...................................18, 19

*Horowitz v. SunEdison, Inc.*,
    No. 15 Civ. 1769 (E.D. Mo.) ..............................................................6, 10

*Iron Workers v. TerraForm Global, Inc.*,
    No. 16 Civ. 2270 (N.D. Cal.) .............................................................6

*Jones v. MEMC Elec. Materials, Inc.*,
    No. 08 Civ. 1991 (E.D. Mo.) .............................................................6

*Kearny Investors S.À R.L v. Goldman Sachs & Co.*,
    No. 16-CIV-01732 (Sup. Ct. Cal.) .....................................................7

*Kingdon Assocs. v. TerraForm Global, Inc.*,
    No. 16 Civ. 5477 (N.D. Cal.) .............................................................7

*Kirschenbaum v. Federal Ins. Co. (In re EMS Fin. Servs., LLC)*,
    2013 Bankr. LEXIS 139 (Bankr. E.D.N.Y. Jan. 4, 2013) ...................16

*Kunz v. SunEdison, Inc.*,
    No. 16 Civ. 113 (E.D. Mo.) ...............................................................6, 10

*In re Lehman Bros. Holdings Inc.*,
    433 B.R. 101 (Bankr. S.D.N.Y. 2010) ...............................................13

*Linton v. SunEdison, Inc.*,
    No. 16 Civ. 199 (E.D. Mo.) ...............................................................6

*MBNA Am. Bank, N.A. v. Hill*,
    436 F.3d 104 (2d Cir. 2006) ..............................................................13

*In re MF Glob. Holdings Ltd.*,
    469 B.R. 177 (Bankr. S.D.N.Y. 2012) ...............................................14, 15

*Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*,
    474 U.S. 494 (1986) ..........................................................................13

*Moodie v. SunEdison, Inc.*,
    No. 15 Civ. 1809 (E.D. Mo.) .............................................................6, 10

*Official Comm. of Unsecured Creditors v. PSS S.S. Co. (In re Prudential Lines Inc.)*,
    119 B.R. 430 (S.D.N.Y. 1990) ...........................................................13

*Okla. Firefighters Pension & Ret. Sys. v. SunEdison, Inc.*,
    No. 16 Civ. 2267 (N.D. Cal.) .............................................................6

*Omega Capital Inv., LP v. SunEdison, Inc.*,
    No. 16 Civ. 2268 (N.D. Cal.) .............................................................7, 10

*Patel v. TerraForm Global, Inc.*,
    No. 16 Civ. 2272 (N.D. Cal.) .............................................................6, 10

*Penn Terra Ltd. v. Dep't of Envtl. Res.*,
   733 F.2d 267 (3d Cir. 1984) ........................................................................... 13

*Pyramid Holdings, Inc. v. TerraForm Global, Inc.*,
   No. 15 Civ. 5068 (N.D. Cal) ....................................................................... 6, 10

*Queenie, Ltd. v. Nygard Int'l*,
   321 F.3d 282 (2d Cir. 2003) ........................................................................... 18

*In re Sacred Heart Hosp.*,
   182 B.R. 413 (Bankr. E.D. Pa. 1995) ............................................................ 16

*In re Salander*,
   450 B.R. 37 (Bankr. S.D.N.Y. 2011) ............................................................. 13

*Sec. Inv'r Protection Corp. v. Bernard L. Madoff Inv. Sec., LLC*,
   429 B.R. 423 (Bankr. S.D.N.Y. 2010) ........................................................... 19

*In re Soundview Elite Ltd.*,
   543 B.R. 78 (Bankr. S.D.N.Y. 2016) ............................................................. 19

*In re Taub*,
   427 B.R. 208 (Bankr. E.D.N.Y. 2010) ........................................................... 13

*TerraForm Global, Inc. v. SunEdison, Inc.*,
   No. 12159 (Del. Ch.) ......................................................................................... 6

*In re Thompson*,
   396 B.R. 5 (Bankr. N.D. Ind. 2008) ............................................................... 14

*Usenko v. SunEdison, Inc.*,
   No. 16 Civ. 76 (E.D. Mo.) ................................................................................ 6

*VMT II, LLC v. TerraForm Global, Inc.*,
   No. 16 Civ. 5531 (N.D. Cal.) ............................................................................ 7

*Wheeler v. SunEdison, Inc.*,
   No. 16 Civ. 226 (E.D. Mo.) .............................................................................. 6

*In re Zarnel*,
   619 F.3d 156 (2d Cir. 2010) ........................................................................... 13

**Statutes**

11 U.S.C. § 105 .................................................................................... *passim*

11 U.S.C. § 362 .................................................................................... *passim*

11 U.S.C. § 541 ............................................................................................. 14

11 U.S.C. § 1107 ............................................................................................. 5

11 U.S.C. § 1108................................................................................................5

**Other Authorities**

Rule 4001 of the Bankruptcy Rules.....................................................................5

Rule 4001-1 of the Local Bankruptcy Rules........................................................5

The Official Committee of Unsecured Creditors (the "**Creditors' Committee**") of SunEdison, Inc., ("**SUNE**" or the "**Company**") and certain of its affiliates in the above-captioned chapter 11 cases, as debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through its undersigned counsel, submits this memorandum of law in support of its motion to enforce the automatic stay under section 362 or, in the alternative, section 105 of the Bankruptcy Code against litigation involving certain of the Debtors' current and former directors and officers.  In support of this motion, the Creditors' Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1.     The Creditors' Committee moves for declaratory relief and to enforce the automatic stay under section 362 or, in the alternative, section 105 of the Bankruptcy Code with respect to pending litigation against certain current and former directors and officers of the Debtors (collectively, the "**D&O Actions**"), among others, the majority of which cases (20 of 30) also name SUNE as a defendant.[2]  As set forth herein, the automatic stay must be enforced against the D&O Actions because the Debtors have a property interest in SUNE's directors' and officers' liability insurance policies (collectively, the "**D&O Policies**"), which are likely to fund most or all of any money judgment in the D&O Actions, and the continued prosecution of the D&O Actions threatens to deplete—if not entirely eliminate—that property interest.

2.     The D&O Actions were commenced by the individuals and entities that are named as defendants in this adversary proceeding (collectively, "**Defendants**").  Across the D&O Actions, Defendants have asserted a variety of claims—including claims for, among other things, securities fraud, breaches of fiduciary duty, and breach of duty under the Employee Retirement Income Security Act of 1974 ("**ERISA**")—against a host of current and former directors and officers of SUNE and various of its affiliates (including, but not limited to, its

---

[2] Pursuant to an October 4, 2016 order of the U.S. Judicial Panel on Multidistrict Litigation, the D&O Actions have been consolidated before Judge P. Kevin Castel in the U.S. District Court for the Southern District of New York.

publicly traded "YieldCo" subsidiaries, TerraForm Power, Inc. ("**TERP**") and TerraForm Global, Inc. ("**GLBL**," and together with TERP, the "**YieldCos**")) and, in many cases, SUNE itself.  Certain of the D&O Actions have been brought as putative class actions, certain have been brought as shareholder derivative actions, and certain have been brought as direct actions on an individual basis by several of Defendants.

3.    The Creditors' Committee, in a separate adversary proceeding,[3] intends to assert many of these same claims—including claims for breaches of fiduciary duty and other violations of law—against many, if not all, of the same current and former directors and officers. To that end, on October 7, 2016, the Creditors' Committee served on SUNE's Board of Directors a written demand to commence litigation against these directors and officers or, in the alternative, consent to the Creditors' Committee's standing to commence such litigation on behalf of the Debtors' bankruptcy estates.  SUNE responded through counsel on October 14, 2016 and refused to do either.

4.    Continued prosecution of the D&O Actions outside of these bankruptcy cases threatens to harm the Debtors' estates, affect the Debtors' property interest in the D&O Policies and, potentially, affect the recoveries available to creditors of the estates.  Worse yet, should any of the D&O Actions settle (with insurance money) or proceed to judgment, such settlement or judgment could very well extinguish all amounts remaining under the policies (given that the potential damages in the D&O Actions, in the aggregate, are in the billions of dollars).  That would leave SUNE to both fund the entirety of its own potential liability in the D&O Actions and satisfy any indemnification obligations to those directors and officers still litigating, all at the expense of the Debtors' estates and creditors.  Unless the automatic stay is

---

[3] Contemporaneous with the filing of this Motion, the Creditors' Committee intends to file a motion for, among other things, leave, standing and authority to commence and prosecute breach of fiduciary duty and other claims against certain current and former SUNE directors and officers.

2

enforced against the D&O Actions, those actions are sure to deplete, and likely wipe out, a valuable property interest of the Debtors—the D&O Policies.  Those policies cover the Debtors and their directors and officers, and, importantly, proceeds from the policies may well be an asset for distribution to unsecured creditors.[4]

5.    Specifically, unless the automatic stay is enforced against the D&O Actions, the named directors and officers, along with the YieldCos in certain of the actions, will continue to draw down on the D&O Policies as defense costs are incurred.  Given the number of D&O Actions and the number of covered individuals and entities that are named as defendants therein, such defense costs, in the absence of the relief requested herein, will soon spiral out of control, threatening to materially reduce the total coverage available under the policies long before any of the actions reach a logical settlement point or proceed to judgment.  Further, if any of the D&O Actions settle or proceed to judgment, again, in the absence of the relief requested herein, the use of insurance dollars to pay for the settlement or satisfy the judgment would naturally impair—and, eventually, preclude—the estates' (and, thus, unsecured creditors') ability to access the D&O Policies.

6.    The D&O Actions are now stayed as to SUNE pursuant to the automatic stay.  The Creditors' Committee hereby moves for declaratory relief and to enforce the automatic stay against the D&O Actions in their entirety under section 362 or, in the alternative, section 105 of the Bankruptcy Code.

---

[4] Subject to certain conditions and carve-outs, the Debtors' unsecured creditors are entitled to the proceeds of the D&O Policies under the Litigation Trust and D/O Insurance Proceeds provisions of the Committee Settlement annexed to the Final DIP Order [ECF No. 523].

## STATEMENT OF FACTS

I.   **SUNE**

7.      SUNE is a renewable-energy development company that develops, finances, installs, owns and operates renewable energy power plants, while also serving as a renewable energy asset manager.

8.      In its capacity as asset manager, SUNE provides asset management, operations and maintenance, monitoring, and reporting services to safeguard and maximize the performance of its customers' renewable energy assets.

9.      SUNE is the ultimate parent company of hundreds of domestic and foreign subsidiaries, including the other Debtors and non-debtors, that operate throughout the world, including in the United States, Canada, Mexico, Latin America, Europe, India, Malaysia, Singapore, Africa, the Middle East, Australia and Asia.

10.     As referenced above, SUNE has two non-debtor "YieldCo" subsidiaries, TERP and GLBL, that own completed energy projects and were designed to contribute a steady dividend to the YieldCos' investors, including SUNE.  On July 23, 2014, SUNE completed the initial public offering ("**IPO**") of TERP.  SUNE retained a majority equity stake in TERP immediately following the IPO[5] and contributed completed energy projects in developed countries (*e.g.*, North America, the United Kingdom and Chile) to TERP.  On August 5, 2015, SUNE completed the IPO of GLBL.  SUNE retained an approximately 33% equity stake in GLBL immediately following the IPO and contributed completed energy projects in emerging markets (*e.g.*, Brazil, China and India) to GLBL.

---

[5] SUNE's equity interest in TERP has reduced over time—from approximately 64% immediately following the IPO, to approximately 43% in November 2015 and approximately 35% as of the Petition Date.

## II.   **PROCEDURAL HISTORY**

11.    Beginning on April 21, 2016, the Debtors filed with the Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, neither a trustee nor an examiner has been appointed in these chapter 11 cases.

12.    On April 29, 2016, the U.S. Trustee for Region 2 appointed Plaintiff as the seven-member creditors' committee.  [ECF No. 148].[6]

13.    On April 21, 2016, the Debtors filed a motion, pursuant to sections 105(a) and 362(d)(1) of the Bankruptcy Code, Rule 4001 of the Bankruptcy Rules, and Rule 4001-1 of the Local Bankruptcy Rules for the U.S. Bankruptcy Court for the Southern District of New York, seeking entry of an order modifying the automatic stay, to the extent it applies, to permit certain insurers to reimburse certain defense costs in accordance with the Debtors' D&O Policies.  [ECF Nos. 32, 33].

14.    On May 20, 2016, the Court granted the Debtors' motion, permitting reimbursement from the D&O Policies with cap amounts of $8 million and $12 million (for SUNE and the YieldCos, respectively), which could be increased by written agreement among the Debtors, the Creditors' Committee, the Tranche B Lenders and Steering Committee and the DIP Agent.  [ECF Nos. 367, 368].  If those parties fail to agree on an increase, the Debtors may move for an expedited hearing.  The Court's orders specifically reserved the right of parties to assert that the Debtors have a property interest in the D&O Policies.  [ECF Nos. 367, 368].

---

[6] The members of the Creditors' Committee are:  Advantage Opportunities Fund, LP; Albemarle Corporation; AQR DELTA Master Account, L.P.; BOKF, N.A., as Indenture Trustee; D. E. Shaw Composite Holdings, LLC; Flextronics Industrial, Ltd.; and Vivint Solar, Inc.

15.     On June 6, 2016, the Court entered an order clarifying that the automatic stay did not extend to certain pre-petition ERISA actions brought against non-debtor defendants, including directors and officers of the Debtors.  [ECF No. 474].  This order was entered without prejudice to the Creditors' Committee moving to extend the automatic stay to those non-debtor defendants in the ERISA actions or any other actions.

## III.   **D&O ACTIONS**

16.     Defendants have filed 30 actions against various current and former SUNE directors and officers, including:

- Actions alleging breaches of fiduciary duty.

    - *TerraForm Global, Inc. v. SunEdison, Inc.*, No. 12159 (Del. Ch.)
    - *Golden v. Chatila*, No. 16 Civ. 1423 (D. Md.)

- Actions alleging violations of ERISA.

    - *Jones v. MEMC Elec. Materials, Inc.*, No. 08 Civ. 1991 (E.D. Mo.)
    - *Usenko v. SunEdison, Inc.*, No. 16 Civ. 76 (E.D. Mo.)
    - *Dull v. SunEdison, Inc.*, No. 16 Civ. 173 (E.D. Mo.)
    - *Linton v. SunEdison, Inc.*, No. 16 Civ. 199 (E.D. Mo.)
    - *Wheeler v. SunEdison, Inc.*, No. 16 Civ. 226 (E.D. Mo.)

- Actions alleging securities fraud.

    - *Beltran v. TerraForm Global, Inc.*, No 15. Civ. 4981 (N.D. Cal.)
    - *Pyramid Holdings, Inc. v. TerraForm Global, Inc.*, No. 15 Civ. 5068 (N.D. Cal)
    - *Agrawal v. TerraForm Global, Inc.*, No. 15 Civ. 6322 (N.D. Cal.)
    - *Iron Workers v. TerraForm Global, Inc.*, No. 16 Civ. 2270 (N.D. Cal.)
    - *Badri v. TerraForm Global, Inc.*, No. 16 Civ. 2269 (N.D. Cal.)
    - *Patel v. TerraForm Global, Inc.*, No. 16 Civ. 2272 (N.D. Cal.)
    - *Aldridge v. TerraForm Global, Inc.*, C.A. No. 12196-VCL (Del. Ch.)
    - *Chamblee v. TerraForm Power, Inc.*, 16 Civ. 981 (D. Md.)
    - *Horowitz v. SunEdison, Inc.*, No. 15 Civ. 1769 (E.D. Mo.)
    - *Moodie v. SunEdison, Inc.*, No. 15 Civ. 1809 (E.D. Mo.)
    - *Kunz v. SunEdison, Inc.*, No. 16 Civ. 113 (E.D. Mo.)
    - *Cobalt Partners, LP v. SunEdison, Inc.*, No. 16 Civ. 2263 (N.D. Cal.)
    - *Okla. Firefighters Pension & Ret. Sys. v. SunEdison, Inc.*, No. 16 Civ. 2267 (N.D. Cal.)

- o *Glenview Capital Partners, LP v. SunEdison, Inc.*, No. 16 Civ. 2264 (N.D. Cal.)
- o *Omega Capital Inv., LP v. SunEdison, Inc.*, No. 16 Civ. 2268 (N.D. Cal.)
- o *Bloom v. SunEdison, Inc.*, No. 16 Civ. 7427 (S.D.N.Y.)
- o *Canyon Capital Advisors, LLC v. TerraForm Global, Inc.*, No. 16 Civ. 5185 (N.D. Cal.)
- o *Canyon Capital Advisors, LLC v. Alvarez*, No. 16 Civ. 5187 (N.D. Cal.)
- o *Kingdon Assocs. v. TerraForm Global, Inc.*, No. 16 Civ. 5477 (N.D. Cal.)
- o *Fraser v. TerraForm Global, Inc.*, No. 16 Civ. 2273 (N.D. Cal.)
- o *VMT II, LLC v. TerraForm Global, Inc.*, No. 16 Civ. 5531 (N.D. Cal.)
- o *Church v. Chatila*, No. 16 Civ. 628 (E.D. Mo.)
- o *Kearny Investors S.À R.L v. Goldman Sachs & Co.*, No. 16-CIV-01732 (Sup. Ct. Cal.)

17.    The current and former directors and officers named as defendants in the

D&O Actions include:

- Antonio Alvarez, Director, SUNE.

- Jeremy Avenier, Vice President, SUNE; formerly Chief Financial Officer, GLBL.

- Peter Blackmore, formerly Director, SUNE; currently Chairman, TERP; and currently Chairman, GLBL.

- Ahmad Chatila, formerly President, Chief Executive Officer and Director, SUNE; formerly Chairman and Director, TERP; and formerly Chairman and Director, GLBL.

- Rebecca Cranna, Chief Financial Officer, GLBL; Chief Financial Officer TERP; formerly Senior Vice President and CFO, Global Asset Management, SUNE.

- Clayton Daley, Jr., Director, SUNE.

- Sebastian Deschler, Senior Vice President and General Counsel, TERP; formerly Vice President and Head of Legal, EMEA, and Latin America, SUNE.

- Carlos Domenech Zornoza, formerly Executive Vice President, SUNE; formerly Chief Executive Officer and Director, TERP; formerly Chief Executive Officer and Director, GLBL.

7

- Rik Gadhia, Vice President, SUNE; Vice President, TERP; and Vice President, GLBL.

- Francisco Perez Gundin, formerly Executive Vice President and Chief Operating Officer, SUNE; formerly Chief Operating Officer, TERP.

- Alejandro Hernandez, Executive Vice President and Chief Financial Officer, TERP; Executive Vice President and Chief Financial Officer, GLBL.

- Emmanuel Hernandez, Executive Chairman, SUNE.

- Matthew Herzberg, Senior Vice President and Chief Human Resources Officer, SUNE.

- Sanjeev Kumar, formerly Chief Financial Officer, TERP.

- Georganne Proctor, Director, SUNE.

- David Ranhoff, Senior Vice President, SUNE.

- Manavendra Sial, formerly Senior Vice President and Deputy Chief Financial Officer, SUNE; formerly interim Chief Financial Officer, TERP; formerly interim Chief Financial Officer, GLBL.

- Steven Tesoriere, formerly Director, SUNE; formerly Director, TERP; and formerly Director, GLBL.

- Martin Truong, Senior Vice President, General Counsel and Secretary, SUNE; formerly Director, TERP; and formerly Director, GLBL.

- James Williams, Director, SUNE.

- Brian Wuebbels, formerly Executive Vice President and Chief Financial Officer, SUNE; formerly Chief Executive Officer, President and Director, TERP; and formerly Chief Executive Officer, President and Director, GLBL.

- Randy Zwirn, Director, SUNE.

18.    In general, the D&O Actions assert a variety of claims against the named directors and officers, all stemming from allegations that the directors and officers failed to exercise good faith oversight over SUNE's operations and, instead, abdicated their responsibility to ensure that SUNE maintained adequate internal controls and complied with all applicable legal, regulatory and financial reporting requirements.  More specifically, some of the plaintiffs

8

in the D&O Actions allege that the directors and officers filed false and misleading statements, including with the U.S. Securities and Exchange Commission (the "**SEC**"), concerning SUNE's financial status, including statements that concealed SUNE's true financial condition and misled the public and SUNE's stakeholder constituencies about SUNE's liquidity, internal controls and capital constraints—causing, among other things, the artificial inflation of SUNE's stock price and leading investors to continue investing and customers to continue doing business with SUNE (all to their significant financial detriment).

19.    Other plaintiffs in the D&O Actions allege that certain directors and officers sold their stock in SUNE while knowing, but failing to disclose, that SUNE had falsely stated or otherwise misstated its financial position.

20.    Other allegations in the D&O Actions include claims that the directors and officers were responsible for wasteful and imprudent spending of corporate assets, without disclosing liquidity and financial problems, on an unsustainable acquisition plan, including, but not limited to, the acquisitions of First Wind Holdings, LLC for $2.4 billion (plus an additional $510 million in earn-out payments to the sellers); Latin American Power for $677 million; Atlantic Power Transmission, Inc. for $525 million; and, as proposed, Vivint Solar, Inc. ("**Vivint**") for $2.2 billion—which proposed transaction was never completed and has led to litigation against SUNE with alleged damages in excess of $1 billion.

21.    Other claims brought by the plaintiffs in the D&O Actions arise out of SUNE's alleged manipulation of the YieldCos, including by, *inter alia*, (a) replacing members of the TERP Conflicts Committee and senior management in order to receive authorization for revising the Vivint purchase agreement that approved pre-payment of future project purchases from SUNE, and (b) being complicit in the manipulation of the GLBL Board to conceal SUNE's true financial condition.

9

22.    The plaintiffs in the D&O Actions also allege that SUNE failed to monitor its internal controls over financial reporting, leading to the delayed filing of its 2015 Form 10-K with the SEC due to the identification of "material weaknesses in its internal controls over financial reporting."  SunEdison, Inc., Current Report (Form 8-K) Exhibit 1 (Mar. 16, 2016).

23.    SUNE is named as a defendant in 20 of the D&O Actions, and it is alleged to have committed securities fraud in 14 of those actions, including:  *Beltran*, *Pyramid Holdings*, *Agrawal*, *Badri*, *Patel*, *Horowitz*, *Moodie*, *Kunz*, *Cobalt Partners*, *Oklahoma Firefighters*, *Glenview Capital*, *Omega Capital*, *Bloom* and *Fraser*.

24.    The allegations in these complaints arise out of material misstatements and omissions relating to the GLBL IPO in August 2015 and SUNE's acquisitions and attempted acquisitions of other energy companies in and around the same time period and after, including those identified above (*see* ¶ 20, *supra*).

## IV.    D&O POLICIES

25.    The primary D&O Policy, under which SUNE is the named insured, is with ACE American Insurance Company (Policy No. DON G23652389 009), in effect from July 15, 2015 through July 15, 2016 (the "**ACE Policy**").[7]  The ACE Policy provides for Sides A/B/C coverage[8] with a $10 million limit of liability.

26.    Fifteen other D&O Policies, each also effective from July 15, 2015 through July 15, 2016, are excess to the ACE Policy and also provide Sides A/B/C coverage in the following order and amounts:

---

[7] The Debtors purchased a six-year tail to extend the claims period under this policy, as well as under the excess layers in the tower (*see* ¶ 26, *infra*), until July 15, 2022.

[8] "Side A" provides coverage to individual directors and officers when not indemnified by the named insured corporation or another covered entity.  *See, e.g.*, ACE Policy § I.A.  "Side B" provides coverage for the named insured corporation or another covered entity when it indemnifies directors and officers (*i.e.*, corporate reimbursement).  *See, e.g.*, ACE Policy § I.B.  "Side C" provides coverage to the named insured corporation or another covered entity for certain claims brought against it.  *See, e.g.*, ACE Policy § I.C.

- National Union Fire Insurance Company of Pittsburgh, Pa. (Policy No. 01-565-30-35), $10 million;

- Beazley Insurance Company, Inc. (Policy No. V122A7150501), $10 million;

- Freedom Specialty Insurance Company (Policy No. XMF1500236), $10 million;

- Starr Indemnity & Liability Company (Policy No. SISIXFL21226515), $10 million;

- National Union Fire Insurance Company of Pittsburgh, Pa. (Policy No. 01-565-37-56), $10 million;

- Old Republic Insurance Company (Policy No. CUG 37717), $10 million;

- National Union Fire Insurance Company of Pittsburgh, Pa. (Policy No. 01-565-38-29), $10 million;

- Beazley Insurance Company, Inc. (Policy No. V133E2150401), $5 million;

- Everest National Insurance Company (Policy No. SC5DO00179-151), $10 million;

- Endurance American Insurance Company (Policy No. DOX10007451600), $5 million;

- QBE Insurance Corporation (Policy No. QPL0133085), $10 million;

- Axis Insurance Company (Policy No. MCN788613/01/2015), $10 million;

- Liberty Insurance Underwriters Inc. (Policy No. DOCHAA6FKR001), $10 million;

- Endurance American Insurance Company (Policy No. DOX10007452000), $10 million; and

- XL Specialty Insurance Company (Policy No. ELU140099-15), $10 million.

27.    Upon information and belief, each of the defendants in the D&O Actions is an insured under the D&O Policies.  The D&O Policies, in the aggregate, provide for $150 million in coverage.  They cover, among other things, judgments, settlements and defense costs

11

incurred in connection with certain claims brought against SUNE, its subsidiaries or its or their

directors or officers.  *See, e.g.*, ACE Policy § II.I.  These policies provide for aggregate liability,

and, subject to the specific terms and conditions contained therein, proceeds are paid out as

claims are made against the policies (*i.e.*, on a first-billed, first-paid basis) following exhaustion

of the applicable retention (*i.e.*, deductible)—here, $2.5 million (which amount, upon

information and belief, has already been expended).[9]

## V.    DEBTORS' INDEMNIFICATION OBLIGATIONS

28.    SUNE has indemnification obligations to certain of its current and former

directors and officers, including many or all of those named in the D&O Actions, pursuant to its

Amended and Restated Certificate of Incorporation (the "**Certificate**").  SUNE's Certificate

provides for broad indemnification of its current and former directors, officers and employees.

These obligations cover defense and settlement costs, judgments and other expenses associated

with claims arising out of an act or omission committed in good faith while acting as a director,

officer or employee.  In addition, SUNE has indemnification obligations to certain of its current

and former directors and officers, including several of those named in the D&O Actions,

pursuant to, among other things, employment, severance and other contractual undertakings and

agreements.

---

[9] In addition, there are a number of other liability insurance policies under which SUNE is the named insured that provide excess Side A-only coverage, effective from July 15, 2015 through July 16, 2016 (collectively, the "Side A-Only Policies").  (The claims period for these policies has also been extended to July 15, 2022.)  The Creditors' Committee is not seeking any relief in this adversary proceeding or through this motion with respect to the Side A-Only Policies (accordingly, "D&O Policies," as used herein, does not include or refer to the Side A-Only Policies), although the Creditors' Committee reserves the right to seek relief with respect to the Side A-Only Policies in the future.

## ARGUMENT

**I.    AUTOMATIC STAY SHOULD BE ENFORCED AGAINST D&O ACTIONS IN ORDER TO PROTECT SIGNIFICANT PROPERTY INTEREST OF ESTATES**

29.    The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986).  It also serves to protect estate assets by staying any actions "to recover a claim against the debtor" or "to exercise control over property of the estate."  11 U.S.C. § 362(a)(1), (3).

30.    The automatic stay serves a number of purposes, including "protecting the assets of the estate." *In re Zarnel*, 619 F.3d 156, 171 (2d Cir. 2010) (quoting *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 109 (2d Cir. 2006)); *see also* 11 U.S.C. § 362(a)(1), (3).  It bars any action which "would inevitably have an adverse impact on the property of the bankruptcy estate." *Official Comm. of Unsecured Creditors v. PSS S.S. Co. (In re Prudential Lines Inc.)*, 119 B.R. 430, 432 (S.D.N.Y. 1990) (quoting *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir. 1987)), *aff'd*, 928 F.2d 565 (2d Cir. 1991).

31.    "The protections of the automatic stay inure to the benefit of both the debtor and creditors.  'One of the principal purposes of the automatic stay is to preserve the property of the debtor's estate for the benefit of all the creditors.'" *In re Taub*, 427 B.R. 208, 221–22 (Bankr. E.D.N.Y. 2010) (quoting *Prudential Lines*, 928 F.2d at 573), *aff'd*, 2011 WL 1322390 (E.D.N.Y. Mar. 31, 2011).  The automatic stay "protects creditors by 'prevent [ing] dissipation of the debtor's assets before orderly distribution to creditors can be effectuated.'" *In re Salander*, 450 B.R. 37, 45 (Bankr. S.D.N.Y. 2011) (quoting *Penn Terra Ltd. v. Dep't of Envtl. Res.*, 733 F.2d 267, 271 (3d Cir. 1984)); *see also In re Lehman Bros. Holdings Inc.*, 433 B.R. 101, 112 (Bankr. S.D.N.Y. 2010) ("Nothing is more basic to bankruptcy law than the automatic stay and nothing is more important to fair case administration than enforcing stay violations. . . .

13

This Court has the power to protect a debtor's estate, and thereby ensure the equitable treatment of creditors, by enforcing the automatic stay."), *aff'd*, 445 B.R. 130 (S.D.N.Y. 2011).

A.      **Debtors Have Property Interest In D&O Policies**

32.      The automatic stay should be enforced against the D&O Actions in order to protect the D&O Policies from depletion.  Such relief is appropriate under section 362(a) of the Bankruptcy Code because the Debtors' have a property interest in the D&O Policies.

33.      The protections of the automatic stay extend to all property of a debtor's estate.  Section 541 of the Bankruptcy Code defines "property of the estate" to include "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. §541(a)(1); *see also Banner v. Bagen (In re Bagen)*, 186 B.R. 824, 830 (Bankr. S.D.N.Y. 1995) ("By including all legal interests without exception, Congress indicated its intention to include all legally recognizable interests although they may be contingent and not subject to possession until some future time."), *aff'd*, 201 B.R. 642 (S.D.N.Y. 1996).    Consequently, "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541."  *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008); *see also In re Thompson*, 396 B.R. 5, 10 (Bankr. N.D. Ind. 2008) ("The § 541(a) estate is a ravenous creature, gobbling up every conceivable interest a debtor could have in property. . . .").

34.      An insurance policy issued to a debtor is "property of the estate" within the meaning of section 541 of the Bankruptcy Code.  *See* 11 U.S.C. § 541(a); *see also In re MF Glob. Holdings Ltd.*, 469 B.R. 177, 190 (Bankr. S.D.N.Y. 2012) ("[I]t is well-settled that a debtor's liability insurance is considered property of the estate.").

35.      Further, where a directors' and officers' liability insurance policy provides coverage to both individual insureds and debtors, courts have held that the Debtors have a property interest in the policies "if depletion of the proceeds would have an adverse effect on the

14

estate to the extent the policy actually protects the estate's other assets from diminution." *MF Glob.*, 469 B.R. at 191; *see also In re Focus Capital, Inc.*, 504 B.R. 296, 305 (Bankr. D.N.H. 2014) (similar), *aff'd sub nom.*, *Straccia v. Menard*, 2014 WL 4364904 (D.N.H. Sept. 2, 2014). Here, depletion of the value of the D&O Policies would adversely affect the Debtors' estates because such policies, subject to their terms and conditions, may be paid out on a first-billed, first-paid basis, with any payments or reimbursements to the directors and officers depleting the total value available to the Debtors under the policies.

36.     Courts analyze the terms of the policies and consider the facts and circumstances of each case when deciding whether the Debtors have a property interest in the policies.  The presence, as here, of Side C coverage weighs in favor of finding such a property interest.  *See In re Allied Digital Techs., Corp.*, 306 B.R. 505, 511 (Bankr. D. Del. 2004) ("When a liability insurance policy provides direct coverage to the debtor as well as the directors and officers, the general rule is that since the insurance proceeds may be payable to the debtor they are property of the debtor's estate."); *see also In re Downey Fin. Corp.*, 428 B.R. 595, 603 (Bankr. D. Del. 2010) (same).  Similarly, courts are concerned with whether claims have already been asserted against the debtor.  *Cf. In re First Cent. Fin. Corp.*, 238 B.R. 9, 17–18 (Bankr. E.D.N.Y. 1999) (holding a debtor did not have property interest in a policy, in part, because no securities claims had been filed to trigger Side C coverage).

37.     Here, SUNE's Side C coverage is triggered because securities fraud claims have already been asserted against it (*see* ¶ 23 *supra*).  Thus, the Debtors have a property interest in the policy.  *See Allied Digital*, 306 B.R. at 511 ("A debtor's interest in the proceeds requires protection from depletion and overrides the interest of the directors and officers."); *Focus*, 504 B.R. at 306; *In re Arter & Hadden, LLP*, 335 B.R. 666, 672-73 (Bankr. N.D. Ohio

2005); *see also* 1-15 Collier on Bankruptcy ¶ 15.03 (16th ed. 2016) (acknowledging that such a finding "give[s] adequate breadth to the concept of property of the estate").

38.     Additionally, courts have found that even where a debtor's own liability exposure was not covered by a directors' and officers' liability insurance policy, but where the debtor is entitled to proceeds of that policy if it had been required to indemnify officers and directors directly (*i.e.*, Side B coverage), then such "an indemnification interest in proceeds is sufficient to bring those proceeds into the estate." *In re Sacred Heart Hosp.*, 182 B.R. 413, 420 (Bankr. E.D. Pa. 1995); *see also Kirschenbaum v. Federal Ins. Co. (In re EMS Fin. Servs., LLC)*, 2013 Bankr. LEXIS 139, at *19 (Bankr. E.D.N.Y. Jan. 4, 2013) (same); *City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.)*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) (same).  The result here follows *a fortiori*.

**B.     By Draining D&O Policies, Continuation of D&O Actions Will Be Detrimental to Debtors' Estates**

39.     If the D&O Actions continue, and the automatic stay is not enforced against them, the Debtors' estates will be harmed via the depletion, and eventual exhaustion, of a significant property interest of the Debtors—the D&O Policies.

40.     Specifically, depletion of the value of the D&O Policies will have an adverse effect on the estates because the estates have a significant interest in such policies—by virtue of claims that the Creditors' Committee intends to bring against SUNE's current and former directors and officers, with any recovery therein inuring to the benefit of all creditors. With dozens of other cases against these directors and officers to defend against, the value of the D&O Policies will be quickly exhausted in the absence of the relief requested herein, to the direct financial detriment of the Debtors' estates.  Because the claims largely, if not entirely, arise out of the same operative facts, it is wasteful for the D&O Actions to proceed at the same time.  *See, e.g., Circle K Corp. v. Marks (In re Circle K Corp.)*, 121 B.R. 257, 261 (Bankr. D.

16

Ariz. 1990) ("[C]ontinued prosecution of the District Court security litigation affects debtor's property interests in a valuable estate asset [directors and officers liability insurance policy proceeds] in violation of the automatic stay.").

41.    Instead, the Court should enforce the automatic stay against the D&O Actions and allow the Creditors' Committee, on behalf of the Debtors' estates, to proceed against the directors and officers and attempt to recover from the D&O Policies, in which the Debtors have a property interest. *See*, *e.g.*, *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1001-02 (4th Cir. 1986) ("[A]ctions 'related to' the bankruptcy proceedings against the insurer or against officers or employees of the debtor who may be entitled to indemnification under such policy or who qualify as additional insureds under the policy are to be stayed under section 362(a)(3).").[10] Allowing that to occur has the obvious benefit of potentially providing substantially more money for distribution.

42.    Denying the relief sought herein would have the contrary effect:  allowing such value to leave the Debtors' estates other than via distribution, and without any benefit, to the Debtors' estates and creditors.  Thus, allowing the plaintiffs in the D&O Actions to obtain value from the D&O Policies in the event of a settlement or judgment will hurt the estates— namely, by depleting and, in turn, exhausting the value of the D&O Policies, in which the

---

[10] In addition, to the extent there is an "identity of interest" between SUNE and the directors and officers named in the D&O Actions, such that SUNE "is the true, real party in interest, and a judgment against the [directors and officers] will, in effect, be a judgment or a finding against" SUNE (such as, for example, in the securities fraud actions in which SUNE is also named as a defendant (*see* ¶ 16, *supra*)), a sufficient basis exists to enforce the litigation stay against the D&O Actions under section 362(a)(1) of the Bankruptcy Code. *In re Bidermann Indus. U.S.A., Inc.*, 200 B.R. 779, 783-84 (Bankr. S.D.N.Y. 1996) (Bernstein, J.) (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).  Alternatively, as indicated below (*see* ¶¶ 44-46, *infra*), the Court can stay the actions under section 105 of the Bankruptcy Code.  *See Bidermann*, 200 B.R. at 783; *see also*, *e.g.*, *Drennen v. Certain Underwriters at Lloyd's of London (In re Residential Capital, LLC)*, 2016 WL 6155925, at *11 (Bankr. S.D.N.Y. Oct. 21, 2016) (in determining whether to stay action against non-debtor under section 105, court should consider, "among other relevant factors, whether the suits would (i) threaten the debtor's insurance coverage, (ii) increase the debtor's indemnification liability, (iii) result in inconsistent judgments, (iv) expose the debtor to risks of collateral estoppel or *res judicata*, and (v) burden and distract the debtor's management by diverting its manpower from reorganization to defending litigation").

Debtors have a property interest, before the estates and the Debtors' creditors obtain any benefit therefrom.[11]

43.     In addition, allowing the D&O Actions to proceed (and, in turn, the D&O Policies to be depleted or exhausted) will only increase the total claims pool in these chapter 11 cases (and, thus, decrease recoveries for unsecured creditors):   given the unavailability of insurance coverage (post-exhaustion of the D&O Policies) for SUNE's own liability in the D&O Actions and to satisfy the Debtors' continuing indemnification obligations to the directors and officers named in those actions, the attendant cost will be borne entirely by the Debtors' estates and creditors.  *See, e.g.*, *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (noting that the automatic stay applies to litigation against non-debtors where the claims "will have an immediate adverse economic consequence for the debtor's estate").

## II.     IN THE ALTERNATIVE, D&O ACTIONS SHOULD BE STAYED UNDER SECTION 105 OF BANKRUPTCY CODE

44.     Section 105 of the Bankruptcy Code gives the Court even "broader" powers than section 362(a), by allowing a court to "use its equitable powers to assure the orderly conduct of the reorganization proceedings."  *Erti v. Paine Webber Jackson & Curtis, Inc. (In re Baldwin-United Corp. Litig.)*, 765 F.2d 343, 348 (2d Cir. 1985).   Relying on section 105, a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."   Thus, the Court may, in the alternative, stay the D&O Actions under section 105.  *See, e.g.*, *Haw. Structural Ironworkers Pension Tr. Fund v. Calpine Corp.*, 2006 WL 3755175, at *4-6 (S.D.N.Y. Dec. 20, 2006) (affirming stay of actions against

---

[11] Importantly, the directors and officers to be named as defendants in the Creditors' Committee's lawsuit also have a property interest in the D&O Policies and, thus, would still be entitled to use of the D&O Policies' proceeds to defend against the Creditors' Committee's claims.  *See In re CyberMedica, Inc.*, 280 B.R. 12, 18 (Bankr. D. Mass. 2002).   In order to preserve the value of the D&O Policies, however, the Court should continue to impose the $8 million and $12 million Cap Amounts (*see* ¶ 14, *supra*), with the same consultation and reservation of rights under the Court's prior orders.  [ECF Nos. 367, 368].

18

directors where monitoring and discovery could hinder reorganization and because directors and debtor might compete for insurance proceeds); *see also Drennen*, 2016 WL 6155925, at \*11.

45.     Indeed, as described above, the continued prosecution of the D&O Actions during Debtors' bankruptcy will siphon away the Debtors' interest in the D&O Policies.  The dissipation of assets in which the Debtor has a property interest is a sufficient harm to tip the scales toward the granting of a stay.  *See In re Soundview Elite Ltd.*, 543 B.R. 78, 118 (Bankr. S.D.N.Y. 2016); *Sec. Inv'r Protection Corp. v. Bernard L. Madoff Inv. Sec., LLC*, 429 B.R. 423, 436–37 (Bankr. S.D.N.Y. 2010).

46.     Such a stay is also in the public interest because it would promote a successful reorganization.  *See In re Calpine Corp.*, 365 B.R. 401, 413(S.D.N.Y. 2007); *Haw. Structural*, 2006 WL 3755175, at \*6.   Holding the D&O Actions in abeyance, at least temporarily, would streamline the Creditors' Committee's prosecution of its claims against the directors and officers, which would help preserve the policies' proceeds and, if the Creditors' Committee is ultimately successful, increase the value of the estate.

## CONCLUSION

For the foregoing reasons, the Creditors' Committee respectfully requests that the Court enter an order substantially in the form of **Exhibit A** hereto, declare that the Debtors have a property interest in the D&O Policies, and enforce the automatic stay under section 362 or, in the alternative, section 105 of the Bankruptcy Code against the D&O Actions in order to protect the Debtors' property interest in the D&O Policies from depletion and, in turn, exhaustion.

Dated: November 2, 2016
       New York, New York

/s/ Matthew S. Barr
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Matthew S. Barr
David J. Lender
Theodore E. Tsekerides
Joshua S. Amsel

*Counsel to Official Committee of Unsecured Creditors*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 16-10992 (SMB) |
| SUNEDISON, INC., *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |
| | : | |
| OFFICIAL COMMITTEE OF UNSECURED | : | |
| CREDITORS, on behalf of the estates of the | : | |
| Debtors, | : | |
| | : | |
| | : | Adversary Proceeding |
| Plaintiff, | : | No. 16-_____ |
| | : | |
| v. | : | |
| | : | |
| JUAN M. RODRIGUEZ BELTRAN, | : | |
| PYRAMID HOLDINGS, INC., | : | |
| ABHISHEK AGRAWAL, IRON | : | |
| WORKERS MID-SOUTH PENSION FUND, | : | |
| ANTON S. BADRI, MITESH PATEL, | : | |
| COBALT PARTNERS, LP,COBALT | : | |
| PARTNERS II, LP, COBALT OFFSHORE | : | |
| MASTER FUND, LP, COBALT KC | : | |
| PARTNERS, LP, OKLAHOMA | : | |
| FIREFIGHTERS PENSION AND | : | |
| RETIREMENT SYSTEM, GLENVIEW | : | |
| CAPITAL PARTNERS, L.P. GLENVIEW | : | |
| (contd.) | : | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); and SunE MN Development, LLC (8669).  The address of the Debtors' corporate headquarters is 13736 Riverport Drive, Maryland Heights, Missouri 63043.

INSTITUTIONAL PARTNERS, L.P.,                    :
GLENVIEW CAPITAL MASTER FUND,                    :
LTD., GLENVIEW CAPITAL                           :
OPPORTUNITY FUND, L.P., GLENVIEW                 :
OFFSHORE  OPPORTUNITY MASTER                     :
FUND, LTD., OMEGA CAPITAL                        :
INVESTORS, L.P.,OMEGA CAPITAL                    :
PARTNERS, L.P., OMEGA EQUITY                     :
INVESTORS, L.P.,OMEGA OVERSEAS                   :
PARTNERS, LTD., DINA HOROWITZ,                   :
KENNETH J. MOODIE, ROBERT KUNZ,                  :
ALEXANDER Y. USENKO, JULIE DULL,                 :
ERIC O'DAY, ROBERT LINTON,                       :
RICHARD A. WHEELER, JAMES                        :
GOLDEN, JERRY JONES, CHARLES                     :
BLOOM, SHARON BURNSTEIN,                         :
TERRAFORM GLOBAL, INC., DARCY                    :
CHURCH, JOHN CHAMBLEE, KINGDON                   :
ASSOCIATES, KINGDON CREDIT                       :
MASTER FUND, L.P., KINGDON FAMILY                :
PARTNERSHIP, L.P., M. KINGDON                    :
OFFSHORE MASTER FUND, L.P.,                      :
CANYON CAPITAL ADVISORS LLC,                     :
CANYON BALANCED MASTER FUND,                     :
LTD., CANYON CAPITAL ARBITRAGE                   :
MASTER FUND, LTD., CANYON-GRF                    :
MASTER FUND II, L.P., CANYON                     :
VALUE REALIZATION FUND, L.P.,                    :
CANYON VALUE REALIZATION                         :
MASTER FUND, L.P., PERMAL CANYON                 :
IO LTD., VMT II, LLC, SIMON                      :
FRASER, JASON ALDRIDGE, KEARNY                   :
INVESTORS S.À R.L, POWELL                        :
INVESTORS L.P. and POWELL                        :
INVESTORS II LIMITED PARTNERSHIP,                :
                                                 :
        Defendants.                              :
_____          :

**ORDER (I) DECLARING DEBTORS' INTEREST IN INSURANCE
POLICIES AND (II) ENFORCING AUTOMATIC STAY AGAINST
LITIGATION INVOLVING YIELDCOS AND CERTAIN CURRENT AND
FORMER DIRECTORS AND OFFICERS OF DEBTORS AND YIELDCOS**

Upon the motion (the "Motion")[2] of the Creditors' Committee, pursuant to sections 541(a), 362(a) and 105(a) of the Bankruptcy Code, for the entry of an Order (i) declaring that the Debtors have a property interest in the D&O Policies and (ii) enforcing the automatic stay against litigation involving the YieldCos and certain current and former directors and officers of SUNE and the YieldCos; and this Court finding that:  (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409; (iii) this is core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.      For purposes of this Order, the term "D&O Actions" shall mean any action in which any of the Directors and Officers (defined below) are named as defendants as a result of their alleged breach of duty or other alleged wrongful conduct as directors and/or officers of the Debtors and/or the YieldCos, including:

> (a)    *Agrawal v. TerraForm Global, Inc.*, No. 15 Civ. 6322 (N.D. Cal.).
> (b)    *Aldridge v. TerraForm Global, Inc.*, C.A. No. 12196-VCL (Del. Ch.).
> (c)    *Badri v. TerraForm Global, Inc.*, No. 16 Civ. 2269 (N.D. Cal.).
> (d)    *Beltran v. TerraForm Global, Inc.*, No 15. Civ. 4981 (N.D. Cal.).
> (e)    *Bloom v. SunEdison, Inc.*, No. 16 Civ. 7427 (S.D.N.Y.).
> (f)    *Canyon Capital Advisors, LLC v. TerraForm Global, Inc.*, No. 16 Civ. 5185 (N.D. Cal.).
> (g)    *Canyon Capital Advisors, LLC v. Alvarez*, No. 16 Civ. 5187 (N.D. Cal.).
> (h)    *Chamblee v. TerraForm Power, Inc.*, 16 Civ. 981 (D. Md.).

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

(i)     *Church v. Chatila*, No. 16 Civ. 628 (E.D. Mo.).
(j)     *Cobalt Partners, LP v. SunEdison, Inc.*, No. 16 Civ. 2263 (N.D. Cal.).
(k)     *Dull v. SunEdison, Inc.*, No. 16 Civ. 173 (E.D. Mo.).
(l)     *Fraser v. TerraForm Global, Inc.*, No. 16 Civ. 2273 (N.D. Cal.).
(m)     *Glenview Capital Partners, LP v. SunEdison, Inc.*, No. 16 Civ. 2264 (N.D. Cal.).
(n)     *Golden v. Chatila*, No. 16 Civ. 1423 (D. Md.).
(o)     *Horowitz v. SunEdison, Inc.*, No. 15 Civ. 1769 (E.D. Mo.).
(p)     *Iron Workers v. TerraForm Global, Inc.*, No. 16 Civ. 2270 (N.D. Cal.).
(q)     *Jones v. MEMC Elec. Materials, Inc.*, No. 08 Civ. 1991 (E.D. Mo.).
(r)     *Kearny Investors S.À R.L v. Goldman Sachs & Co.*, No. 16-CIV-01732 (Sup. Ct. Cal.)
(s)     *Kingdon Assocs. v. TerraForm Global, Inc.*, No. 16 Civ. 5477 (N.D. Cal.).
(t)     *Kunz v. SunEdison, Inc.*, No. 16 Civ. 113 (E.D. Mo.)
(u)     *Linton v. SunEdison, Inc.*, No. 16 Civ. 199 (E.D. Mo.).
(v)     *Moodie v. SunEdison, Inc.*, No. 15 Civ. 1809 (E.D. Mo.).
(w)     *Okla. Firefighters Pension & Ret. Sys. v. SunEdison, Inc.*, No. 16 Civ. 2267* (N.D. Cal.).
(x)     *Omega Capital Inv., LP v. SunEdison, Inc.*, No. 16 Civ. 2268 (N.D. Cal.).

(y)     *Patel v. TerraForm Global, Inc.*, No. 16 Civ. 2272 (N.D. Cal.).
(z)     *Pyramid Holdings, Inc. v. TerraForm Global, Inc.*, No. 15 Civ. 5068 (N.D. Cal).
(aa)    *TerraForm Global, Inc. v. SunEdison, Inc.*, No. 12159 (Del. Ch.).
(bb)    *Usenko v. SunEdison, Inc.*, No. 16 Civ. 76 (E.D. Mo.)
(cc)    *VMT II, LLC v. TerraForm Global, Inc.*, No. 16 Civ. 5531 (N.D. Cal.)
(dd)    *Wheeler v. SunEdison, Inc.*, No. 16 Civ. 226 (E.D. Mo.)

2.     The term "D&O Policies" shall mean:

(a)     ACE American Insurance Company (Policy No. DON G23652389 009).
(b)     National Union Fire Insurance Company of Pittsburgh, Pa. (Policy No. 01-565-30-35).
(c)     Beazley Insurance Company, Inc. (Policy No. V122A7150501).
(d)     Freedom Specialty Insurance Company (Policy No. XMF1500236).
(e)     Starr Indemnity & Liability Company (Policy No. SISIXFL21226515).
(f)     National Union Fire Insurance Company of Pittsburgh, Pa. (Policy No. 01-565-37-56).
(g)     Old Republic Insurance Company (Policy No. CUG 37717), $10 million.
(h)     National Union Fire Insurance Company of Pittsburgh, Pa. (Policy No. 01-565-38-29)
(i)     Beazley Insurance Company, Inc. (Policy No. V133E2150401).
(j)     Everest National Insurance Company (Policy No. SC5DO00179-151).
(k)     Endurance American Insurance Company (Policy No. DOX10007451600).
(l)     QBE Insurance Corporation (Policy No. QPL0133085).
(m)     Axis Insurance Company (Policy No. MCN788613/01/2015).

4

(n)     Liberty Insurance Underwriters Inc. (Policy No. DOCHAA6FKR001).

(o)     Endurance American Insurance Company (Policy No. DOX10007452000).

(p)     XL Specialty Insurance Company (Policy No. ELU140099-15).

3.     The term "Directors and Officers" shall mean all current and former directors and

officers of any of the Debtors or the YieldCos, including:

(a)     Antonio Alvarez, Director, SUNE.

(b)     Jeremy Avenier, Vice President, SUNE; formerly Chief Financial Officer, GLBL.

(c)     Peter Blackmore, formerly Director, SUNE; currently Chairman, TERP; and currently Chairman, GLBL.

(d)     Ahmad Chatila, formerly President, Chief Executive Officer and Director, SUNE; formerly Chairman and Director, TERP; and formerly Chairman and Director, GLBL.

(e)     Rebecca Cranna, Chief Financial Officer, GLBL; Chief Financial Officer TERP; formerly Senior Vice President and CFO, Global Asset Management, SUNE.

(f)     Clayton Daley, Jr., Director, SUNE.

(g)     Sebastian Deschler, Senior Vice President and General Counsel, TERP; formerly Vice President and Head of Legal, EMEA, and Latin America, SUNE.

(h)     Carlos Domenech Zornoza, formerly Vice President, SUNE; formerly Chief Executive Officer and Director, TERP; formerly Chief Executive Officer and Director, GLBL.

(i)     Rik Gadhia, Vice President, SUNE; Vice President, TERP; and Vice President, GLBL.

(j)     Francisco Perez Gundin, formerly Executive Vice President and Chief Operating Officer, SUNE.

(k)     Emmanuel Hernandez, Executive Chairman, SUNE.

(l)     Matthew Herzberg, Senior Vice President and Chief Human Resources Officer, SUNE.

(m)     Georganne Proctor, Director, SUNE.

(n)     David Ranhoff, Senior Vice President, SUNE.

(o)     Manavendra Sial, formerly Senior Vice President and Deputy Chief Financial Officer, SUNE; formerly interim Chief Financial Officer, TERP; formerly interim Chief Financial Officer, GLBL.

(p)     Steven Tesoriere, formerly Director, SUNE; formerly Director, TERP; and formerly Director, GLBL.

(q)     Martin Truong, Senior Vice President, General Counsel and Secretary, SUNE; formerly Director, TERP; and formerly Director, GLBL.

(r)     James Williams, Director, SUNE.

(s)     Brian Wuebbels, formerly Executive Vice President and Chief Financial Officer, SUNE; formerly Chief Executive Officer, President and Director,

TERP; and formerly Chief Executive Officer, President and Director, GLBL.

(t)      Randy Zwirn, Director, SUNE.

4.      This Court hereby finds that:  (a) the Debtors' have a property interest in the D&O Policies under section 541(a); and (b) the D&O Policies are at risk of depletion and exhaustion as a result of the D&O Actions, in which various combinations of SUNE, the YieldCos and the Directors and Officers are named as defendants.

5.      Because the Debtors, the YieldCos and the Directors and Officers have interests in the D&O Policies, and because continued litigation of the D&O Actions threatens to deplete and, ultimately, exhaust the D&O Policies, pursuant to sections 362(a) and 105(a) of the Bankruptcy Code, the D&O Actions are hereby stayed, pending further Order of this Court.

6.      Nothing in this Order shall affect, impair, prejudice or otherwise alter (a) the terms and conditions of the D&O Policies, any related agreements and/or any related reservation(s) of rights provided by the insurers or the Debtors in connection therewith or (b) the rights, obligations and defenses of the insurers, the Debtors, the YieldCos and the Directors and Officers under the D&O Policies, any related agreements and/or any related reservation(s) of rights provided by the insurers or the Debtors in connection therewith, including, without limitation, any rights regarding the priority of payments under the D&O Policies or the right to apply to this Court to determine whether some or all of the proceeds of the D&O Policies are exclusively the property of the Debtors' estates, the YieldCos or the Directors and Officers.  Nor shall this Order affect, impair, prejudice or otherwise alter this Court's prior Orders Granting Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105 and 362, Bankruptcy Rule 4001, and Local Bankruptcy Rule 4001-1 Authorizing Modification of the Automatic Stay, To the Extent Applicable, To Allow For Reimbursement and/or Payment of Defense Costs Under Directors' and Officers' Insurance Policies [ECF Nos. 367, 368].

6

7.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation and/or interpretation of this Order.


Dated: New York, New York
_____, 2016

                                    _____
                                    Honorable Stuart M. Bernstein
                                    United States Bankruptcy Judge