Hearing Date and Time: 12/6/2016 at 10:00 a.m.
Objection Deadline:      11/29/2016 at 4:00 p.m.

MORITT HOCK & HAMROFF LLP
Leslie A. Berkoff
Theresa A. Driscoll
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000

*Bankruptcy Counsel to Plaintiffs in ERISA Litigation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

SUNEDISON, INC., *et al.*,

                        Debtors[1]

Chapter 11

Case No. 16-10992 (SMB)

(Jointly Administered)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); and SunE MN Development, LLC (8669). The address of the Debtors' corporate headquarters is 13736 Riverport Drive, Maryland Heights, Missouri 63043.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estates of the Debtors,

                Plaintiff,

v.

JUAN M. RODRIQUEZ BELTRAN, *et al.*,

                Defendants.

Adversary Proceeding
No. 16-01257 (SMB)

**OBJECTIONS WITH RESERVATION OF RIGHTS OF THE ERISA PLAINTIFFS TO THE MOTION OF THE CREDITORS' COMMITTEE FOR (1) A DECLARATION AND (2) ENFORCEMENT OF AUTOMATIC STAY AGAINST LITIGATION INVOLVING CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS OF DEBTORS**

**TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE**:

Alexander Y. Usenko ("Usenko"), Eric O'Day ("O'Day"), Robert Linton ("Linton"), and Richard Wheeler ("Wheeler") (collectively, the "ERISA Plaintiffs") join in the objection with reservation of rights pleading filed by the court-appointed lead plaintiff Municipal Employees' Retirement System of Michigan ("MERS") to the Motion of the Creditors' Committee for (I) A Declaration and (2) Enforcement of Automatic Stay Against Litigation Involving Certain Current and Former Directors and Officers of the Debtors [Adv. Pro. ECF Docket No. 2] (the "Committee Motion")[2] and offer this supplement to highlight issues that differ in our action that are not applicable to MERS.

---

[2] On November 23, 2016, the Debtors filed a response to the Committee Motion and made a request for certain additional relief including the imposition of an injunction as to the D&O Actions as well as entry of an order directing mediation [Adv. Pro. Docket No. 11] (the "Debtors' Motion"). By letter filed by MERS counsel on November 28, 2016 [Adv. Pro. Docket No. 14], MERS identified certain procedural deficiencies and other concerns related to the Debtors' Motion. By this objection, the ERISA Plaintiffs also join in MERS' November 28 letter request for clarification from this Court regarding the timing for responses to, and the hearing on, the Debtors' Motion.

2

## THE ERISA LITIGATION BACKGROUND

1. On January 20, 2016, the *Usenko* Action[3] was commenced in the United States District Court for the Eastern District of Missouri against SunEdison, Inc. ("SunEdison") and the following twelve (12) non-debtor defendants: State Street Bank & Trust Co. ("State Street"), the Investment Committee, Antonio R. Alvarez, Ahmad R. Chatila, Emmanuel T. Hernandez, Peter Blackmore, Clayton C. Daley, Jr., Georganne C. Proctor, Steven V. Tesoriere, James B. Williams, Randy H. Zwirn, and Matthew Herzberg (collectively, the "Non-Debtor Defendants" and together with SunEdison, the "Defendants").  Shortly thereafter, the following ERISA cases were filed, alleging similar claims for breaches of fiduciary duties against nearly identical defendants: *Dull* Action[4]; the *Litton* Action[5]; and the *Wheeler* Action[6].

2. All the ERISA actions allege that Defendants, who were fiduciaries of the SunEdison, Inc. Retirement Savings Plan ("Plan"), allowed the Plan to acquire and hold SunEdison stock even though SunEdison stock was an imprudent investment alternative for the retirement savings of its employees.  The claims arise from, *inter alia*, the failure of Defendants/fiduciaries of the Plan to act solely in the interest of the Plan's participants and beneficiaries and to exercise the care, skill, prudence, loyalty and diligence in administering the Plan and investment of its assets mandated under §§ 404 and 405 of ERISA, 29 U.S.C. §§ 1104 and 1105.  Accordingly, the ERISA Plaintiffs seek relief pursuant to §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109, 1132, on behalf the Plan participants who sustained losses to their retirement accounts.

---

[3] *Alexander Y. Usenko v. SunEdison, Inc., et al.*, Civil Action No.: 16-cv-0076-RWS.
[4] *Dull and O'Day v. SunEdison, Inc., et al.*, Civil Action No.: 16-cv-0173-RWS.
[5] *Linton v. SunEdison, Inc., et al.*, Civil Action No.: 16-cv-00199-RWS.
[6] *Wheeler v. SunEdison, Inc., et al.*, No. 16-cv-00226.

3. On March 9, 2016, the Honorable Rodney W. Sippel of the United States District Court for the Eastern District of Missouri consolidated the related ERISA actions with the *Usenko* Action. At the time the ERISA consolidated action was stayed, there were competing, pending motions for appointment of Interim Lead Counsel filed by Plaintiff Usenko and Plaintiff Wheeler. Since then, Plaintiffs have reached a consensual leadership structure subject to the District Court's approval with counsel for Plaintiff Usenko (Harwood Feffer LLP) acting as Interim Lead Counsel, and with counsel for Plaintiffs Dull, O'Day, Linton, and Wheeler (namely the law firms of Bottini & Bottini, Inc., Levi & Korsinksy LLP, and Gainey McKenna & Egleston) serving as an Executive Committee.

4. On April 25, 2016, all Defendants, except State Street, filed a Notice of Automatic Stay and Suggestion of Bankruptcy for SunEdison notifying the court that, as a result of SunEdison's bankruptcy filing on April 21, 2016, "any further action against the Debtor is stayed under Bankruptcy Code section 362(a)." Only the corporate defendant, SunEdison, filed a petition for relief under Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*, as amended (the "Bankruptcy Code") in the Southern District of New York. The notice did not seek a stay of the Consolidated SunEdison ERISA Action as to Non-Debtor Defendants. The next day, on April 26, 2016, the Eastern District of Missouri, *sua sponte*, issued the Order administratively closing the entire action, including as against the Non-Debtor Defendants.

5. This Court previously granted an Order providing that the automatic stay did not apply to non-debtors on June 6, 2016. *See* ECF No. 474 (the "Stay Order").

6. Notwithstanding the Stay Order, the Eastern District of Missouri determined to maintain its administrative closure of the entire action, including as against the Non-Debtor Defendants.

7. On July 27, 2016, MERS initiated a motion with the MDL Panel to transfer and consolidate fourteen pending SunEdison-related actions filed in five different district courts cases (the "Related Actions") to the Southern District of New York for efficient and effective coordination with this Court (the consolidated actions are pending under SDNY Case No. 16-md-02742 (PKC)). On October 4, 2016, the MDL Panel granted MERS' motion.

8. In connection with the SunEdison MDL, Judge Peter Kevin Castel issued an order dated October 26, 2016 (ECF No. 16) as to all of the Related Actions, including the MERS Securities Litigation and the ERISA Action. Pursuant to that Order, Judge Castel determined that, by November 15, 2016, "all interested parties" should show cause as to why any judicially imposed stay of any action should not be vacated in whole or in part. Neither the Creditors' Committee nor any other party made any such submission to Judge Castel and on this basis alone the Committee Motion should be denied.

## ISSUES PERTAINING TO THE ERISA PLAINTIFFS

9. The Creditors' Committee seeks to obtain a priority in payments under applicable insurance policies acquired principally for the benefit of non-debtor insureds and contrary to the terms of such policies and applicable bankruptcy law. *See* D&O Liability Policy No. DON G23652389 009 (Ace American Insurance Company), Section XXI[7] ("[t]he insurance provided by this Policy is intended as a matter of priority to protect and benefit the Insured Persons such that, in the event of bankruptcy of the Company, the Insurer shall first pay Loss covered under Section I, Insuring Agreement A, Directors' and Officers' Liability, prior to payment of loss under any other Insuring Agreement"). Though neither the Creditors' Committee nor the Debtors

---

[7] The Debtors have identified this policy as the primary D&O Policy. *See* Debtors' Motion for Order Pursuant to Bankruptcy Code Section 105 and 362, Bankruptcy Rule 4001, and Local Bankruptcy Rule 4001-1 Authorizing Modification of the Automatic Stay, to the Extent Applicable, to Allow for Reimbursement and/or Payment of Defense Costs Under Directors' and Officers' Insurance Policies [ECF Docket No. 33] at Ex. 1.

5

have provided copies of the relevant director and officer policies at issue, according to previous filings made by the Debtors, there also exists a separate fiduciary liability insurance policy. *See, e.g.*, Debtors' Motion, ECF No. 1664, footnote 4; *see also* Order Granting Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105 and 362, Bankruptcy Rule 4001, and Local Bankruptcy Rule 4001-1 Authorizing Modification of the Automatic Stay, to the Extent Applicable, to Allow for Reimbursement and/or Payment of Defense Costs under Directors' and Officers' Insurance Policies entered May 20, 2016 [ECF Docket No. 368] at footnote 3 ("All Federal ERISA Cases listed on <u>Exhibit C</u> to the Motion are covered under the Fiduciary Liability Policy.")[8]

10. The Committee does not identify in any way what rights the Committee is claiming vis-à-vis the ERISA Fiduciary Insurance Policy or even why indemnification would be appropriate as to the ERISA claims. *See In re Adelphia Commc'ns Corp.*, 302 B.R. 439, 444 (Bankr. S.D.N.Y. 2003) ("Thus it is not readily apparent, in light of bankruptcy law and practice, that there would be any occasion upon which such payments [for indemnification] would ever be made during the pendency of a chapter 11 case.") The Committee has also failed to articulate the basis of "identity of interest" as it relates to the ERISA Action that could satisfy granting the extraordinary relief sought here.

11. As set forth above, this Court granted an Order stating that the automatic stay did not apply to non-debtors on June 6, 2016. *See* ECF No. 474. The Committee was on notice of the Order and never explains the delay in seeking the relief here even after all the cases were consolidated before Judge Castel and after the District Court issued its own outside deadline of

---

[8] ERISA Plaintiffs' Counsel previously requested from both the Debtors and the Creditors' Committee a copy of the fiduciary liability policy and was advised by the Creditors' Committee that it did not have a copy of this insurance policy – notwithstanding that the Committee Motion asserts a property interest of the Debtors' estate in such policy. The Debtors never responded to the ERISA Plaintiffs' request.

November 13.

12.   In addition, in connection with the motions made by the Debtors to reimburse defense costs (ECF Nos. 32-33), there was no determination that the proceeds were the property of the Debtors' estates. (ECF Nos. 367-8 at ¶ 6) ("Nothing in this Order shall constitute a determination that the proceeds of the D&O Policies are property of the Debtors' estates, and the rights of all parties in interest to asset that the proceeds of the D&O Policies are, or are not, property of the Debtors' estates are hereby preserved")  The ERISA Plaintiffs filed a reservation of rights in response to such motion.  *See* Response and Statement of Non-Opposition and Reservation of Rights of Certain Plaintiffs in ERISA Litigation to the Debtors' Motion for Order Authorizing Modification of the Automatic Stay, to the Extent Applicable, to Allow for Reimbursement and/or Payment of Defense Costs Under Directors' and Officers' Insurance Policies filed on May 13, 2016 [ECF Docket No. 286].

13.    In addition, it should be noted that the ERISA Action has been stayed since the bankruptcy proceeding commenced and there should have been no defense costs mounting against the ERISA Fiduciary Insurance Policy.

## RESERVATION OF RIGHTS

14.   The ERISA Plaintiffs joins in the objections of MERS without prejudice to, and with full reservation of the ERISA Plaintiffs' rights to supplement this Objection in advance of or in connection with the hearing on the Committee Motion, to join in and adopt any responses and objections of other parties in interest, and to be heard in connection with the Committee Motion.

7

**CONCLUSION**

**WHEREFORE,** for the foregoing reasons and the reasons set forth in the MERS objection, the ERISA Plaintiffs respectfully requests that the Court deny the Committee Motion and grant such other and further relief as the Court deems just and proper.

Dated: November 29, 2016
       Garden City, New York

                                            MORITT HOCK & HAMROFF LLP

                                            By: /s/ Leslie A. Berkoff
                                                 Leslie A. Berkoff
                                                 Theresa A. Driscoll
                                                 400 Garden City Plaza
                                                 Garden City, NY 11530
                                                 (516) 873-2000

                                          *Bankruptcy Counsel for Certain Plaintiffs in*
                                          *ERISA Litigation*

                                                     -and-

                                          HARWOOD FEFFER LLP
                                          Robert I. Harwood
                                          Daniella Quitt
                                          488 Madison Avenue
                                          New York, NY 10022
                                          Telephone: 212-935-7400
                                          Email: rharwood@hfesq.com
                                          Email: dquitt@hfesq.com

                                          *Proposed Interim Lead Counsel for ERISA*
                                          *Plaintiffs*

                                          BOTTINI & BOTTINI, INC.
                                          Francis A. Bottini, Jr.
                                          Albert Y. Chang
                                          7817 Ivanhoe Avenue, Suite 102
                                          La Jolla, California 92037
                                          Telephone: 858-914-2001
                                          Email: fbottini@bottinilaw.com
                                          Email: achang@bottinilaw.com

LEVI & KORSINSKY LLP
Lori G. Feldman
30 Broad Street, 24th Floor
New York, NY  10004
Telephone: 212-363-7500
Email: lfeldman@zlk.com

GAINEY MCKENNA & EGLESTON
Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South, 5th Floor
New York, New York  10016
Tel: 212-983-1300
tjmckenna@gme-law.com
Egleston@gme-law.com

9