**Hearing Date and Time: 12/6/2016 at 10:00 a.m.**
**Objection Deadline: 11/29/2016 at 4:00 p.m.**

GAINEY McKENNA & EGLESTON
Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South, 5th Floor
New York, New York 10016
Tel: 212-983-1300

*Counsel to Plaintiff Manuel Acosta in the ERISA Litigation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| SUNEDISON, INC., *et al.*, | Chapter 11 |
| | Case No. 16-10992 (SMB) |
| Debtors[1] | (Jointly Administered) |

---

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); and SunE MN Development, LLC (8669). The address of the Debtors' corporate headquarters is 13736 Riverport Drive, Maryland Heights, Missouri 63043.

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estates of the Debtors, | Adversary Proceeding No. 16-1257 (SMB) |
| Plaintiff, | |
| v. | |
| JUAN M. RODRIQUEZ BELTRAN, et al., | |
| Defendants. | |

**OBJECTIONS WITH RESERVATION OF RIGHTS OF ERISA PLAINTIFF MANUEL ACOSTA TO THE MOTION OF THE CREDITORS' COMMITTEE FOR (1) A DECLARATION AND (2) ENFORCEMENT OF AUTOMATIC STAY AGAINST LITIGATION INVOLVING CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS OF DEBTORS**

**TO THE HONORABLE STUART M. BERNSTEIN,**
**UNITED STATES BANKRUPTCY JUDGE**:

Manuel Acosta (the "ERISA Plaintiff") joins in the objection with reservation of rights pleading filed by the court-appointed lead plaintiff Municipal Employees' Retirement System of Michigan ("MERS") to the Motion of the Creditors' Committee for (1) A Declaration and (2) Enforcement of Automatic Stay Against Litigation Involving Certain Current and Former Directors and Officers of the Debtors (the "Committee Motion")[2] and offer this supplement to highlight issues that differ in his action that are not applicable to MERS.

---

[2] On November 23, 2016, the Debtors filed their response to the Committee Motion and made a request for certain additional relief [Adv. Pro. Docket No. 11] (the "Debtors' Motion"). By letter filed by MERS counsel on November 28, 2016 [ECF Docket No. 1676], MERS identified certain procedural deficiencies and other concerns related to the Debtors' Motion. By this objection, the ERISA Plaintiff notes his joinder in MERS' November 28 letter and, in particular, the request for the scheduling of a status conference.

## THE ERISA LITIGATION BACKGROUND

1.      On June 1, 2009, Manuel Acosta (along with Jerry Jones) filed an amended ERISA class action complaint entitled *Jerry Jones and Manuel Acosta v. SunEdison, Inc. et al.*, Civil Action 08-cv-0191-HEA ("Acosta ERISA Action"),[3] in the Eastern District of Missouri before the Honorable Judge Henry E. Autrey, involving the same law and many of the same defendants in the *Usenko* Action (defined below). The Acosta ERISA Action was commenced against MEMC Electronic Materials, Inc. ("MEMC") and concerned the MEMC Electronic Materials, Inc. 401(k) Savings Plan. MEMC later changed its name to SunEdison, Inc. ("SunEdision") and the retirement plan became known as SunEdison, Inc. Retirement Savings Plan (the "Plan"). It also seeks relief pursuant to Sections 409 and 502(a)(2) & (3) of ERISA, 29 U.S.C. §§ 1109 and 1132(a)(2) and (3), on behalf of the retirement plan for losses sustained as a result of the defendants' breaches of fiduciary duty. Gainey McKenna and Egleston is the *de facto* lead counsel in the Acosta ERISA Action.

2.      On January 20, 2016, the *Usenko* Action[4] was commenced in the United States District Court for the Eastern District of Missouri against SunEdison and the following twelve (12) non-debtor defendants: State Street Bank & Trust Co. ("State Street"), the Investment Committee, Antonio R. Alvarez, Ahmad R. Chatila, Emmanuel T. Hernandez, Peter Blackmore, Clayton C. Daley, Jr., Georganne C. Proctor, Steven V. Tesoriere, James B. Williams, Randy H. Zwirn, and Matthew Herzberg (collectively, the "Non-Debtor Defendants" and together with SunEdison, the "Defendants"). Shortly thereafter, the following ERISA cases were filed,

---

[3]     Jerry Jones later voluntarily withdrew as a named plaintiff from the Acosta ERISA Action, *see* Dkt. No. 97.

[4]     *Alexander Y. Usenko v. SunEdison, Inc., et al.*, Civil Action No.: 16-cv-0076-RWS.

alleging similar claims for breaches of fiduciary duties against nearly identical defendants: *Dull* Action[5]; the *Litton* Action[6]; and the *Wheeler* Action[7].

3.  All the ERISA actions (including the Acosta ERISA Action) allege that Defendants, who were fiduciaries of the Plan, allowed the Plan to acquire and hold SunEdison stock even though SunEdison stock was an imprudent investment alternative for the retirement savings of its employees. The claims arise from, *inter alia*, the failure of Defendants/fiduciaries of the Plan to act solely in the interest of the Plan's participants and beneficiaries and to exercise the care, skill, prudence, loyalty and diligence in administering the Plan and investment of its assets mandated under §§ 404 and 405 of ERISA, 29 U.S.C. §§ 1104 and 1105. Accordingly, the ERISA Plaintiff seeks relief pursuant to §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109, 1132, on behalf the Plan participants who sustained losses to their retirement accounts.

4.  On March 9, 2016, the Honorable Rodney W. Sippel of the United States District Court for the Eastern District of Missouri consolidated the *Dull* Action, the *Litton* Action and the *Wheeler* Action with the *Usenko* Action (the "ERISA Consolidated Action"). The Acosta ERISA Action was not consolidated into the ERISA Consolidated Action. Gainey McKenna and Egleston is the *de facto* lead counsel in the Acosta ERISA Action.

5.  On April 25, 2016, all defendants in the ERISA Consolidated Action, except State Street, filed a Notice of Automatic Stay and Suggestion of Bankruptcy for SunEdison notifying the court that, as a result of SunEdison's bankruptcy filing on April 21, 2016, "any further action against the Debtor is stayed under Bankruptcy Code section 362(a)." No such Notice was filed in the Acosta ERISA Action. Only the corporate defendant, SunEdison filed a petition for relief

---

[5]   *Dull and O'Day v. SunEdison, Inc., et al.*, Civil Action No.: 16-cv-0173-RWS.
[6]   *Linton v. SunEdison, Inc., et al.*, Civil Action No.: 16-cv-00199-RWS.
[7]   *Wheeler v. SunEdison, Inc., et al.*, No. 16-cv-00226.

under Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*, as amended (the "Bankruptcy Code") in the Southern District of New York. The Notice did not seek a stay of the Acosta ERISA Action or the Consolidated ERISA Action as to Non-Debtor Defendants. The next day, on April 26, 2016, the Eastern District of Missouri, *sua sponte*, issued the Order administratively closing the entire ERISA Consolidated Action, including as against the Non-Debtor Defendants in that action. No such Order was entered by the Court in the Acosta ERISA Action.

6. This Court previously granted an Order stating that the automatic stay did not apply to non-debtors on June 6, 2016. *See* ECF No. 474 (the "Stay Order"). This Order would also apply to the non-debtor Defendants in the Acosta ERISA Action.

7. On July 27, 2016, MERS initiated a motion with the MDL Panel to transfer and consolidate fourteen pending SunEdison-related actions filed in five different district courts cases (the "Related Actions") to the Southern District of New York for efficient and effective coordination with this Court. This motion did not include the Acosta ERISA Action. On October 4, 2016, the MDL Panel granted MERS' motion.

8. In connection with the SunEdison MDL, Judge Peter Kevin Castel issued an order dated October 26, 2016 (ECF No. 16) as to all of the Related Actions, including the MERS Securities Litigation and the ERISA Consolidated Action. Pursuant to that Order, Judge Castel determined that, by November 15, 2016, "all interested parties" should show cause as to why any judicially imposed stay of any action should not be vacated in whole or in part. Neither the Committee, nor the Debtors nor any other party made any such submission to Judge Castel and on this basis alone the motion should be denied.

9. On November 9, 2016, Plaintiff Acosta was named as a Defendant in an Amended Adversary Complaint filed by the Official Committee of Unsecured Creditors. *See*

*Official Committee of Unsecured Creditors v. Juan M. Rodriquez, et al.*, 16-01257-SMB (U.S. Bankruptcy Courts Adversary Proceeding - New York Southern District of New York) (D.E. 4).

### ISSUES PERTAINING TO THE ERISA PLAINTIFF

10.     The Committee improperly seeks to obtain a priority in payments under applicable insurance policies acquired principally for the benefit of non-debtor insureds and contrary to the terms of such policies and applicable bankruptcy law.  Though neither The Official Committee of Unsecured Creditors (the "Committee") nor the Debtors have provided copies of the relevant director and officer policies at issue, upon information and belief, there exists separate fiduciary liability insurance policies for the Acosta ERISA Action and the ERISA Consolidated Action.  The Committee does not identify in any way what rights the Committee is claiming vis-à-vis the ERISA Fiduciary Insurance Policies or even why indemnification would be appropriate as to the ERISA claims.  The Committee has also failed to articulate the basis of "identity of interest" as it relates to the Acosta ERISA Action that could satisfy granting the extraordinary relief sought here.

11.     As set forth above, this Court granted an Order stating that the automatic stay did not apply to non-debtors on June 6, 2016.  *See* ECF No. 474.  The Committee was on notice of the Order and never explains the delay in seeking the relief here even after many of the cases naming SunEdison, Inc. as a defendant were consolidated before Judge Castel and after the District Court issued its own outside deadline of November 13.

12.     In addition, in connection with the motions made by the Debtors to reimburse defense costs (ECF Nos. 32-33), there was no determination that the proceeds were the property of the Debtors' estates. (ECF Nos. 367-8 at ¶ 6).

### RESERVATION OF RIGHTS

13. The ERISA Plaintiff joins in the objections of MERS without prejudice to, and with full reservation of the ERISA Plaintiff's rights to supplement this Objection in advance of or in connection with the hearing on the Committee Motion, to join in and adopt any responses and objections of other parties in interest, and to be heard in connection with the Committee Motion.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, the ERISA Plaintiff respectfully requests that the Court enter an Order entered denying the Committee Motion and granting such other and further relief as the Court deems just and proper.

Dated: November 29, 2016

**GAINEY McKENNA & EGLESTON**

By: */s/ Thomas J. McKenna*
   Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South, 5th Floor
New York, New York 10016
Tel: 212-983-1300
Email: tjmckenna@gme-law.com
Email: egleston@gme-law.com

*Attorneys for Plaintiff Manual Acosta*