Hearing Date: 12/6/2016 at 10:00 A.M. (EST)
Objection Deadline: 11/29/2016 at 4:00 P.M. (EST)

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

One Penn Plaza; Suite 2805
New York, New York 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655
Mitchell M.Z. Twersky
Lawrence D. Levit
Cassandra Porsch

*Court-Appointed Interim Lead Counsel for*
*Court-Appointed Interim Lead Plaintiff Pyramid*
*Holdings, Inc. and the Class*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SUNEDISON, INC., *et al.*,<br><br>Debtor(s).[1] | Chapter 11<br><br>Case No. 16-10992 (SMB)<br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); and SunE MN Development, LLC (8669). The address of the Debtors' corporate headquarters is 13736 Riverport Drive, Maryland Heights, Missouri 63043

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estates of the Debtors, | Adversary Proceeding |
| | No. 16-01257 (SMB) |
| Plaintiff, | |
| v. | |
| JUAN M. RODRIQUEZ BELTRAN, | |
| (contd.) | |

PYRAMID HOLDINGS, INC., ABHISHEK AGRAWAL, IRON WORKERS MID-SOUTH PENSION FUND, ANTON S. BADRI, MITESFI PATEL, COBALT PARTNERS, LP,COBALT PARTNERS II, LP, COBALT OFFSHORE MASTER FUND, LP, COBALT KC PARTNERS, LP, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, GLEN VIEW CAPITAL PARTNERS, L.P. GLEN VIEW INSTITUTIONAL PARTNERS, L.P., GLEN VIEW CAPITAL MASTER FUND, LTD., GLEN VIEW CAPITAL OPPORTUNITY FUND, L.P., GLEN VIEW OFFSHORE OPPORTUNITY MASTER FUND, LTD., OMEGA CAPITAL INVESTORS, L.P,OMEGA CAPITAL PARTNERS, L.P., OMEGA EQUITY INVESTORS, L.P.,OMEGA OVERSEAS PARTNERS, LTD., DINA HOROWITZ, KENNETH J. MOODIE, ROBERT KUNZ, ALEXANDER Y. USENKO, JULIE DULL, ERIC O'DAY, ROBERT LINTON, RICHARD A. WHEELER, JAMES GOLDEN, JERRY JONES, CHARLES BLOOM, SHARON BURNSTEIN, TERRAFORM GLOBAL, INC., DARCY CHURCH, JOHN CHAMBLEE, KINGDON ASSOCIATES, KINGDON CREDIT MASTER FUND, L.P., KINGDON FAMILY PARTNERSHIP, L.P., M. KINGDON OFFSHORE MASTER FUND, L.P., CANYON CAPITAL ADVISORS LLC, CANYON BALANCED MASTER FUND, LTD., CANYON CAPITAL ARBITRAGE MASTER FUND, LTD., CANYON-GRF MASTER FUND II, L.P., CANYON VALUE REALIZATION FUND, L.P., CANYON VALUE REALIZATION MASTER FUND, L.P., PERMAL CANYON 10 LTD., VMT II, LLC, SIMON FRASER, JASON ALDRIDGE, KEARNY INVESTORS S.A R.L, POWELL INVESTORS L.P. and POWELL INVESTORS II LIMITED PARTNERSHIP,

                Defendants.

**OBJECTION WITH RESERVATION OF RIGHTS OF THE COURT-APPOINTED INTERIM LEAD PLAINTIFF PYRAMID HOLDINGS, INC. TO THE MOTION OF THE CREDITORS' COMMITTEE FOR
(I) A DECLARATION AND (2) ENFORCEMENT OF AUTOMATIC STAY AGAINST LITIGATION INVOLVING CERTAIN CURRENT AND <u>FORMER DIRECTORS AND OFFICERS OF DEBTORS</u>**

TO:   THE HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPCTY JUDGE:

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................2

THE TERRAFORM GLOBAL SECURITIES LITIGATION BACKGROUND ..........................2

ARGUMENT .......................................................................................................................4

    There Is No Basis To "Enforce" The Automatic Stay ....................................... 4

RESERVATION OF RIGHTS .............................................................................................5

# TABLE OF AUTHORITIES

**Cases**                     **Page(s)**

*In re Colonial Bancgroup, Inc. Sec. Litig.*,
  No. 2:09cv104-MHT (WO), 2010 U.S. Dist. LEXIS 1169 (M.D. Ala. Jan. 7, 2010).........5

*N.J. Carpenter's Health Fund v. Royal Bank of Scotland Group, PLC*,
  No. 08-CV-5310 (DAB), 2016 U.S. Dist. LEXIS 121620 (S.D.N.Y. Sept. 2, 2016).........4, 5

**Statutes and Rules**

Bankruptcy code section 105 ...............................................................................................1

Bankruptcy code section 362 ............................................................................................1, 4

Pyramid Holdings, Inc. ("Pyramid" or "Lead Plaintiff")[2], as the court-appointed Interim Lead Plaintiff, along with other plaintiffs who have filed securities class action claims against TerraForm Global, Inc., among others, now pending as part of a multi-district litigation before Judge P. Kevin Castel of the United States District Court for the Southern District of New York, that is styled respectively as *Pyramid Holdings, Inc. v. TerraForm Global, Inc., et al.*, 16-cv-07981-PKC (S.D.N.Y.), *Badri v. TerraForm Global, Inc., et al.*, 16-cv-07996-PKC (S.D.N.Y.), *Iron Workers Mid-South Pension Fund v. TerraForm Global, Inc. et al.*, 16-cv-07997-PKC (S.D.N.Y.) and *Fraser v. TerraForm Global, Inc. et al.*, 16-cv-08003-PKC (S.D.N.Y.) (the "TerraForm Global Securities Litigation")[3], by and through their undersigned counsel, hereby file this objection with reservation of rights (the "Objection") to the motion of the Official Committee of Unsecured Creditors (the "Committee") of SunEdison, Inc. ("SunEdison" or the "Company") and certain of its affiliates in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors-in-possession (collectively, the "Debtors"), dated November 2, 2016, Ch. 11 ECF No. 2, seeking declaratory relief that the Debtors have a property interest in the D&O Policies; and to enforce the automatic stay under Section 362 or, in the alternative, section 105 of the Bankruptcy Code against litigation involving certain of the Debtors current and former directors and officers (the "Motion"), and respectfully states as follows:

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion. Unless otherwise indicated: (a) references to an "ECF" are to the legal docket for the above-referenced Adversary Proceeding case number 16-01257 (smb); and (b) references to "Ch. 11 ECF" are to the legal docket for the above-referenced Chapter 11 case number 16-10992 (smb).

[3] As is more fully addressed herein, pursuant to an Order dated October 4, 2016 of the U.S. Judicial Panel on Multidistrict Litigation, the majority of the D&O Actions (as defined in the Motion) are being coordinated before Judge P. Kevin Castel in the U.S. District Court for the Southern District of New York under MDL No. 2742 (MDL), with a caption of "*In re SunEdison, Inc. Securities Litigation.*"

**PRELIMINARY STATEMENT**

1. Pyramid joins in the Opposition filed by the Municipal Employees' Retirement System of Michigan ("MERS") and will not repeat the points made in that filing but states that those points apply fully to the TerraForm Global Securities Litigation as well and that the Motion should be denied for the reasons provided in the MERS filing. In addition, there are certain facts that apply to the TerraForm Global Securities Litigation and provide an additional basis for denying the Motion, which is stated below.

2. As stated by MERS, the Committee has disregarded the procedures that District Court Judge Castel specifically imposed in the MDL Actions and should be rejected for that reason alone. In addition, as set forth in the MERS submission, there is no legal principle or Bankruptcy Code provision that stands for the proposition that an unsecured creditors' committee's or bankruptcy estate's, claims should take precedence over shareholders' securities claims, or that this Court should impose a stay on Judge Castel and all of the cases the MDL Panel has tasked him to effectively and efficiently manage in coordination with this Court. The Committee has no greater rights than any other plaintiff to payments from the proceeds of the D&O Policies protecting the current and former directors and officers of SunEdison and its publicly traded subsidiaries who are defendants in the MDL Actions (the "D&O Defendants").

**THE TERRAFORM GLOBAL SECURITIES LITIGATION BACKGROUND**

3. The TerraForm Global Securities Litigation, originally styled *Beltran v. TerraForm Global, Inc., et al.*, 5:15-cv-04981-WHO (N.D. Cal.), asserts claims that were first asserted on October 29, 2015 in the District Court for the Northern District of California before Judge William H. Orrick. The litigation was subsequently reassigned to Judge Beth Labson Freeman. The TerraForm Global Securities Litigation was brought on behalf of a putative class of purchasers of the common stock of TerraForm Global, Inc. issued pursuant to or traceable to

2

the Registration Statement in its July 31, 2015 initial public offering ("IPO") and who were damaged thereby, seeking to pursue remedies under the Securities Act of 1933 against TerraForm Global, Inc. ("TerraForm"), SunEdison, Inc. ("SunEdison"), Ahmad Chatila ("Chatila"), TerraForm's Chairman of the Board at the time of the IPO and SunEdison's former CEO and director, Carlos Domenech Zornoza ("Zornoza"), TerraForm's CEO at the time of the IPO, Jeremy Avenier ("Avenier"), TerraForm's CFO at the time of the IPO, Martin Truong ("Truong"), a member of TerraForm's board at the time of the IPO and Brian Wuebbels ("Wuebbels"), a member of TerraForm's board at the time of the IPO and SunEdison's former CFO.  Also named as defendants in the TerraForm Global Securities Litigation are the underwriters for the IPO (collectively, the "Underwriters"), namely, J.P. Morgan Securities LLC ("J.P. Morgan"), Barclays Capital Inc. ("Barclays"), Citigroup Capital Markets, Inc. ("Citigroup") Morgan Stanley & Co. LLC ("Morgan Stanley"), Goldman Sachs & Co. ("Goldman Sachs"), Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), Deutsche Bank Securities Inc. ("Deutsche Bank"), BTG Pactual US Capital LLC ("BTG"), Itau BBA USA Securities, Inc. ("Itau"), SMBC Nikko Securities America, Inc. ("SMBC Nikko"), SG Americas Securities, LLC ("SG Americas") and Kotak Mahindra Inc. ("Kotak").

4. By an Order dated June 2, 2016, Judge Freeman appointed Pyramid as Interim Lead Plaintiff in the TerraForm Global Securities Litigation, and the firm Abraham, Fruchter & Twersky, LLP was appointed as Interim Lead Counsel, pending disposition of motions to remand and transfer.

5. Other SunEdison-related actions were pending in different district courts in the country and a motion to transfer and consolidate those actions was made to the Judicial Panel on Multidistrict Litigation (the "MDL Panel").  On October 4, 2016, the MDL Panel ordered that

3

the TerraForm Global Securities Litigation be transferred and consolidated in the Southern District of New York before Judge Castel, styled *In re SunEdison, Inc. Securities Litigation*, 1:16-md-02742-PKC.

6.   In connection with the SunEdison MDL, Judge Castel issued an order dated October 26, 2016 (ECF No. 16) as to all of the Related Actions, including the TerraForm Global Securities Litigation.  Pursuant to that Order, Judge Castel determined that, by November 15, 2016, "all interested parties" should show cause as to why any judicially imposed stay of any action should not be vacated in whole or in part.  Neither the Committee nor any other party made any such submission to Judge Castel.

## ARGUMENT

### There Is No Basis To "Enforce" The Automatic Stay

7.   In addition to the reasons provided in MERS' submission as to why the automatic stay under section 362 to enjoin the various D&O actions before Judge Castel should not be granted, there are further arguments particular to this litigation.  The TerraForm Global Securities Litigation is being brought against non-debtors, to whom the automatic stay does not apply.  *See N.J. Carpenter's Health Fund v. Royal Bank of Scotland Group*, *PLC*, No. 08-CV-5310 (DAB), 2016 U.S. Dist. LEXIS 121620, at *6 (S.D.N.Y. Sept. 2, 2016) (automatic stay does not apply to non-bankrupt co-defendants).  It was brought on behalf of a putative class of purchasers of TerraForm common stock in the IPO.  While SunEdison was named as a Defendant in the initial complaints that were filed, an amended complaint has not yet been filed.  In the amended complaint, SunEdison will not be named as a Defendant and only non-debtors will be Defendants in the TerraForm Global Securities Litigation.

8.   The TerraForm Global Securities Litigation is being brought against TerraForm, its directors who signed the Registration Statement in connection with the IPO and the

4

Underwriters for that IPO. TerraForm is a non-debtor. The directors are named as Defendants in their capacities as signatories of the Registration Statement, not because of any connection to SunEdison. The TerraForm Global Securities Litigation can proceed without involving SunEdison.

9. The TerraForm Global Securities Litigation also names as Defendants twelve Underwriters who participated in the IPO. None of the Underwriters is a debtor and the automatic stay does not apply to them. *N.J. Carpenter's Health Fund*, 2016 U.S. Dist. LEXIS 121620, at *6-7 (automatic stay limited to debtors; court does not apply stay to underwriters). Indeed, the Committee does not even mention the Underwriters in connection with its request for the automatic stay. While the Motion does mention indemnification, that alone has been held to be an insufficient reason to apply the automatic stay to underwriters. *See*, *e.g.*, *In re Colonial Bancgroup, Inc. Sec. Litig.*, No. 2:09cv104-MHT (WO), 2010 U.S. Dist. LEXIS 1169, at *8-12 (M.D. Ala. Jan. 7, 2010) (court finds that underwriters' indemnification agreements not enough to extend automatic stay to them). The TerraForm Global Securities Litigation against the Underwriters should be allowed to proceed to ensure that discovery is preserved and to allow for depositions to be taken sooner than if a stay were in place, in order to better preserve the memories of witnesses.

**RESERVATION OF RIGHTS**

10. The TerraForm Global Plaintiffs file this Objection without prejudice to, and with full reservation of their rights to supplement this Objection in advance of or in connection with the hearing on the Motion, to join in and adopt any responses and objections of other parties in interest, and to be heard in connection with the Motion.

5

**WHEREFORE**, Pyramid respectfully requests that an Order be entered denying the Motion and granting such other and further relief as the Court deems just and proper

DATED:   New York, New York
         November 29, 2016

Respectfully submitted,

*/s/ Cassandra Porsch*

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Mitchell M.Z. Twersky
Lawrence D. Levit
Cassandra Porsch
One Penn Plaza
New York, New York 10119
Telephone: (212) 279-50505
Facsimile: (212) 279-3655

*Interim Lead Counsel for Court-Appointed Interim Lead Plaintiff Pyramid Holdings, Inc. and the Class*

Robbins Arroyo LLP
600 B Street, Suite 1900
San Diego, CA 92101

*Counsel for Iron Workers Mid-South Pension Fund*

Glancy Prongay & Murray LLP
1925 Century Park East
Suite 2100
Los Angeles, CA 90067

*Counsel for Fraser*

Francis A Bottini , Jr
Bottini and Bottini Inc
7817 Ivanhoe Avenue Suite 102
La Jolla, CA 92037
858-914-2001

*Counsel for Badri*

6