Hearing Date: December 6, 2016 at 10:00 a.m. (Eastern Time)
Objection Deadline: December 1, 2016 at 4:00 p.m. (Eastern Time)

Adam S. Hakki
Daniel C. Lewis
Adam J. Goldstein
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
(212) 848-4000 (Telephone)
(212) 596-9090 (Facsimile)

*Counsel to Securities Underwriters*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                            :
In re:                                      :    Chapter 11
                                            :
SUNEDISON INC., *et al.*,                   :    No. 16-10992 (SMB)
                                            :
            Debtors.                        :
                                            :
--------------------------------------------------------- x
                                            :
OFFICIAL COMMITTEE OF UNSECURED             :
CREDITORS, on behalf of the estates of the  :
Debtors,                                    :
                                            :
            Plaintiff,                      :    Adversary Proceeding
                                            :
      -   against -                         :    No. 16-01257 (SMB)
                                            :
JUAN M. RODRIGUEZ BELTRAN, et al.,          :
                                            :
            Defendants.                     :
                                            :
---------------------------------------------------------------x

**LIMITED RESPONSE AND RESERVATION OF RIGHTS OF SECURITIES
UNDERWRITERS TO (A) MOTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO STAY SECURITIES LITIGATION AND (B) DEBTORS' REQUEST
FOR LIMITED RELIEF FROM AUTOMATIC STAY, TO COMPEL MEDIATION,
AND TEMPORARILY EXTENDING STAY PENDING OUTCOME OF MEDIATION**

Barclays Capital Inc., BTG Pactual US Capital LLC, Citigroup Global Markets Inc.,

Crédit Agricole Securities (USA) Inc., Credit Suisse Securities (USA) LLC, Deutsche Bank

Securities Inc., Goldman, Sachs & Co., Itaú BBA USA Securities, Inc., J.P. Morgan Securities

NYDOCS04/602066.5

LLC, Kotak Mahindra, Inc., Macquarie Capital (USA) Inc., MCS Capital Markets LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, Santander Investment Securities Inc., SG Americas Securities, LLC, and SMBC Nikko Securities America, Inc. (collectively, the "Securities Underwriters"), through their undersigned counsel, hereby (i) join the statement (the "YieldCo Statement") filed by TerraForm Global, Inc. and TerraForm Power, Inc. (collectively, the "YieldCos") and submit this limited response to the Debtors' request for a temporary stay of various securities actions pending a court-ordered mediation [ECF No. 1664] (the "Debtors' Response") to the extent applicable to the Securities Underwriters and (ii) reserve all rights as to the motion to enforce the automatic stay or otherwise enjoin the securities actions [Adv. Pr. ECF No. 2] (the "Committee Stay Motion") filed by the Official Committee of Unsecured Creditors in the above-captioned chapter 11 cases (the "Committee").[1] In further support, the Securities Underwriters respectfully state as follows:

## RESPONSE

1. The Securities Underwriters, as well as certain of the Debtors' and YieldCos' current and former directors and officers (the "D&Os") and, in some cases, TerraForm Global itself, are defendants in 17 different securities actions (the "SunEdison MDL Actions") that have been transferred to the Honorable P. Kevin Castel in the United States District Court for the Southern District of New York (the "District Court") for centralized pretrial proceedings as part of a multidistrict litigation (the "SunEdison MDL").[2] These actions are effectively stayed pending the initial status conference, which is scheduled for December 19, 2016. All of the SunEdison MDL Actions remain in their preliminary stages, with motions to dismiss yet to be

---

[1] By filing this Limited Response, the Securities Underwriters do not submit themselves to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Limited Response and hereby reserve all rights.

[2] The SunEdison MDL includes several other related actions in which the Securities Underwriters have not been named as defendants.

filed or completely briefed in all but a single case.[3] In addition, all discovery in the SunEdison MDL Actions is statutorily stayed pending resolution of defendants' motions to dismiss. 15 U.S.C. § 78u-4(b)(3)(B).

2. On November 2, 2016, the Committee filed the above-captioned adversary proceeding against plaintiffs in several securities lawsuits (including the SunEdison MDL Actions), as well as the Committee Stay Motion, seeking to enjoin many of those actions in their entirety[4] based either on the automatic stay or section 105(a) of the Bankruptcy Code due to the effect continued prosecution of those lawsuits could have on certain insurance policies. The Committee sought that relief to preserve as much of the proceeds of those policies as possible for potential recovery on behalf of the Debtors' estates (for the benefit of the Debtors' unsecured creditors) in connection with the Committee's own potential adversary proceeding against the D&Os.

3. The Debtors, in an attempt to resolve the Committee Stay Motion, filed the Debtors' Response seeking a temporary stay of claims in the SunEdison MDL Actions asserted against the D&Os and the YieldCos to allow those parties and the Committee to engage in a global mediation that could resolve both the SunEdison MDL Actions and the Committee's contemplated derivative claims against the D&Os.

4. The Securities Underwriters do not oppose a temporary stay of the SunEdison MDL Actions to permit mediation if that stay applies to all claims asserted against all defendants in all of the SunEdison MDL Actions.

---

[3] Motions to dismiss were briefed in *Cobalt Partners, LP, et al. v. SunEdison, Inc., et al.* No. 1:16-cv-08006-PKC before it was transferred to the SunEdison MDL, and defendants anticipate additional briefing will be filed in the SunEdison MDL.

[4] As drafted, the Proposed Order submitted as Exhibit A to the Committee Stay Motion purported to enjoin the "D&O Actions" in their entirety. "D&O Actions" were defined therein as any actions in which certain D&Os were named as defendants.

5.  First, the purpose of a multidistrict litigation like the SunEdison MDL is to allow coordination of all claims before a single federal district judge who can resolve common issues once, which serves "the convenience of parties and witnesses" and "promote[s] the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Indeed, the United States Judicial Panel on Multidistrict Litigation ("JPML") expressly found that establishing the SunEdison MDL would allow for the coordination of pre-trial motion and discovery practice and permit their efficient resolution and avoid inconsistent rulings. *See In re SunEdison, Inc. Secs. Litig.*, MDL No. 2742, 2016 U.S. Dist. LEXIS 138876, at *4-5 (J.P.M.L. Oct. 4, 2016).

6.  Allowing the SunEdison MDL Actions to proceed in piecemeal fashion, which would be the unavoidable result if the actions were stayed only as to some claims and/or some defendants, would effectively upend the JPML's decision. As noted, briefing on motions to dismiss is not complete and, in most of the SunEdison MDL Actions, has not yet even begun. If the actions are only partially stayed, briefing on common issues will proceed without the participation of defendants subject to the stay (*i.e.*, the D&Os and YieldCos), which will all but assure staggered briefing, creating unnecessary work for the District Court and potentially prejudicing all defendants.

7.  Second, allowing the SunEdison MDL Actions to proceed, even in part, would not prevent depletion of the insurance policies that the Debtors and the Committee seek to preserve. This is because SunEdison, its current and former D&Os, and the YieldCos that are covered by those policies would still be the targets of discovery in the SunEdison MDL Actions if the motions to dismiss are denied. Responding to this discovery would require the assistance of counsel and corresponding advancement of legal fees and expenses. Therefore, to the extent that the Debtors' purported interests in the insurance policies are a sufficient basis for

enforcement of the automatic stay and/or injunctive relief pursuant to section 105(a) of the Bankruptcy Code, only a complete stay of the SunEdison MDL Actions would fully realize that purpose.

8. In contrast, there can no meaningful prejudice to plaintiffs from a temporary stay of the SunEdison MDL Actions pending a mediation that would be relatively short in duration and may result in the resolution of some or all of their claims.

## RESERVATION OF RIGHTS

9. In light of the Debtors' representation that their recent filing temporarily resolves (or, at a minimum, holds in abeyance) the Committee Stay Motion (*see* Debtors' Response at ¶¶ 1-2), the Securities Underwriters reserve all rights to object in the future to the Committee Stay Motion in the event that the mediation fails or the Court denies the relief requested in the Debtors' Response.

10. In addition, the Debtors' Response contemplates that the Committee would be required to separately seek from the District Court an order staying the SunEdison MDL Actions. *See id.* at ¶¶ 2, 4, 13. The Securities Underwriters reserve all rights to respond to any such request.

## CONCLUSION

11. For the foregoing reasons and for the reasons set forth in the YieldCo Statement to the extent applicable, the Securities Underwriters respectfully request that, to the extent the Court is inclined to grant the temporary and limited stay of the SunEdison MDL Actions requested in the Debtors' Response, that any such stay cover the SunEdison MDL Actions in their entirety.

Dated: New York, New York
December 1, 2016

**SHEARMAN & STERLING LLP**

/s/  Adam S. Hakki                              .
Adam S. Hakki
Daniel C. Lewis
Adam J. Goldstein
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile:  (212) 848-7179

*Counsel for Securities Underwriters*