Hearing Date: December 6, 2016 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: December 1, 2016 at 5:00 p.m. (prevailing Eastern Time)

McGUIREWOODS LLP
Douglas M. Foley
2001 K Street N.W.
Suite 400
Washington, DC 20006-1040
Telephone:      (202) 857-1720
Facsimile:       (202) 828-3301
dfoley@mcguirewoods.com

Nathan S. Greenberg
1345 Avenue of the Americas
Seventh Floor
New York, New York 10105
Telephone:      (212) 548-2148
Facsimile:       (212) 548-2150
ngreenberg@mcguirewoods.com

*Attorneys for KPMG LLP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------X | | |
| In re: | : | Chapter 11 |
| | : | |
| SUNEDISON INC., *et al.*, | : | Case No. 16-10992 (SMB) |
| | : | |
| Debtors. | : | Jointly Administered |
| ------------------------------------------------------------X | | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estates of the Debtors, | : : : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No 16-01257 (SMB) |
| | : | |
| Juan M. Rodrigues Beltran, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| ------------------------------------------------------------X | | |

**RESPONSE AND STATEMENT OF CONDITIONAL SUPPORT WITH RESERVATION OF RIGHTS OF KPMG LLP TO MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR (I) A DECLARATION AND (II) ENFORCEMENT OF AUTOMATIC STAY AGAINST LITIGATION INVOLVING CERTAIN CURRENT <u>AND FORMER DIRECTORS AND OFFICERS OF DEBTORS</u>**

1

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

KPMG LLP ("**KPMG**"), through its undersigned counsel, respectfully submits this response and statement of conditional support, with reservation of rights (the "**Response**"), to the Motion of Official Committee of Unsecured Creditors for (i) a Declaration and (ii) Enforcement of Automatic Stay against Litigation Involving Certain Current and Former Directors and Officers of Debtors [Doc. No. 2] (the "**Motion**").[1]

### STATEMENT

1. KPMG is currently employed as a post-petition professional by the Debtors as an auditor and tax consultant subject to this Court's June 8, 2016 order [Doc. No. 513 in Case No. 16-10992]. KPMG also provides services to SunEdison's YieldCo subsidiaries.

2. KPMG is a defendant in *Horowitz v. SunEdison, Inc., et al.*, No. 1:16-cv-07917-PKC (S.D.N.Y.) (formerly No. 4:15-cv-1769-RWS (E.D. Mo.)) ("**Horowitz**"), which has been consolidated before Judge Castel in the *In re: SunEdison, Inc., Securities Litigation* multidistrict litigation ("**MDL**") proceedings. KPMG is not a defendant in any of the other MDL cases.

3. KPMG supports the relief requested by the SunEdison Official Committee of Unsecured Creditors (the "**Committee**") in the Motion, as well as the Debtors' response to the Motion and request to compel mediation [Doc. No. 11] (the "**Debtors' Response**"), but only if the requested stay applies to all claims against all defendants in the *Horowitz* action.

---

[1] KPMG also joins the statement [Doc. No. __] filed by TerraForm Global, Inc. and TerraForm Power, Inc. (collectively, the "**YieldCos**"); and the statement [Doc. No. 28] filed by Barclays Capital Inc., BTG Pactual US Capital LLC, Citigroup Global Markets Inc., Crédit Agricole Securities (USA) Inc., Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Itaú BBA USA Securities, Inc., J.P. Morgan Securities LLC, Kotak Mahindra, Inc., Macquarie Capital (USA) Inc., MCS Capital Markets LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, Santander Investment Securities Inc., SG Americas Securities, LLC, and SMBC Nikko Securities America, Inc. (collectively, the "**Underwriter Defendants**").

2

4. KPMG further individually responds to the objection to the Motion (the "**Objection**") filed by the Municipal Employees' Retirement System of Michigan ("**MERS**") [Doc. No. 12], in which KPMG and the Underwriter Defendants were essentially identified as parties against whom the MDL litigation could proceed while being stayed as to the other MDL defendants.[2] MERS asserts that prosecuting the litigation against KPMG and the Underwriter Defendants would not implicate the Debtors' and the YieldCos' directors and officers liability insurance policies ("D&O Policies"). This is not true, as the Debtors, D&Os, and YieldCos would have to be involved in the MDL actions against KPMG and the Underwriter Defendants, including incurring discovery costs. All three groups would likely look to the insurance at issue to cover these costs. This would defeat a core purpose of the stay, to avoid the depletion of the D&O Policies through unnecessarily premature litigation. If the Court determines that the Debtors' interest in the insurance proceeds warrants a partial stay, KPMG will also be prejudiced to the extent a partial stay prevents it from obtaining discovery. Additionally, if *Horowitz* proceeds in the context of a partial stay, KPMG might be put in a position of pursuing some or all of the stayed parties. This would result in the depletion of the D&O Policies, defeating the purpose of the stay, or prejudice to KPMG if the stay prohibits KPMG from pursuing any claims that might arise against the stayed parties.

5. If the Court is inclined to grant the requested stay, KPMG urges the Court, in the exercise of its discretion and inherent equitable powers, to stay the entire *Horowitz* action and not issue disparate rulings between defendants. While KPMG has unique defenses that it will

---

[2] In paragraph 41 of the MERS Objection, in discussing the standards for the Committee's request for preliminary injunctive relief under Bankruptcy Code section 105, MERS states that "there is absolutely no basis to enjoin the MERS Securities Litigation as against the Underwriter Defendants and KPMG LLP, as the claims asserted against those defendants do not implicate the D&O Policies."

3

raise on a motion to dismiss in *Horowitz*,[3] it is in the interest of judicial economy and fundamental fairness to uniformly extend the stay, pending mediation, to all defendants and claims in the MDL cases, including *Horowitz*—which is the only way to realize the purpose of such a stay.

6. Further, if any stay is not complete, and the mediation is not successful, the other defendants will be on different discovery and litigation tracks in the MDL—for example, without limitation, motions to dismiss, motions for summary judgment, motions for class certification, and discovery deadlines—requiring separate and inefficient case management and wasting the resources of both the Court and the MDL parties. Indeed, it is hard to imagine how certain of these motions could be addressed by the Court without the involvement of all defendants in each case.

7. Moreover, there is no significant prejudice from maintaining the stay. The mediation contemplated in the Committee's Motion and the Debtors' Response will permit all parties to participate and may produce a settlement. The mediation has a greater chance of succeeding if all parties to the MDL participate. Depending on the terms of any proposed mediation, KPMG might be willing to participate in a mediation seeking an early resolution of the MDL, but not if KPMG is also litigating the matter, as it would be incurring significant legal costs in doing both simultaneously.

8. Importantly, KPMG is also a professional employed by the Debtors. If litigation proceeds against KPMG, as mentioned above, it may be put in the position of pursuing parties

---

[3] KPMG notes that, although it opposes proceeding on a piecemeal basis, if the *Horowitz* action is not stayed in its entirety, KPMG has and will advance strong defenses unique to KPMG to dismiss the claims against it. Specifically, for example, that KPMG's audit opinions are not subject to liability under Section 11 of the Securities Act of 1933, as established in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 135 S. Ct. 1318 (2015).

for whom the stay is in effect, including the Debtors. This would not only prejudice KPMG and the Debtors and possibly cause KPMG to have to withdraw as a Debtors' professional, but could also distract from the Debtors' reorganization efforts as well as the mediation, which is the fundamental purpose of the stay.

### Conclusion and Reservation of Rights

9. For the reasons stated above KPMG conditionally supports the relief sought by the Committee and asks that, if the Court chooses to extend the stay to any defendant or claim in the *Horowitz* case, that it extend the stay in the exercise of its discretion and inherent equitable powers to all the defendants and claims in the *Horowitz* case.

10. KPMG further reserves all rights to supplement this Response in advance of or in connection with the hearing on the Motion, or to join in and adopt any responses of other parties in interest, and to raise these or any other issues before Judge Castel in the MDL proceedings or in any other relevant forum.

Dated: December 1, 2016
      New York, New York

    /s/ Douglas M. Foley
Douglas M. Foley
Nathan S. Greenberg
McGUIREWOODS LLP
2001 K Street N.W.
Suite 400
Washington, DC 20006-1040
Telephone: (212) 548-2148
Facsimile: (212) 548-2150
dfoley@mcguirewoods.com
ngreenberg@mcguirewoods.com

*Attorneys for KPMG LLP*